UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
:
JOHN D. LANE,                                              :
                                                           :
       Plaintiff,                                         :    Case No. 3:02CV1038 (AWT)
                                                           :
  -v-                                                      :
                                                           :
JEFFERSON PILOT FINANCIAL                                  :
INSURANCE COMPANY,                                         :
                                                           :
       Defendant.                                         :    October 28, 2003
-----------------------------------------------------------X

FILED

2003 OCT 29 P 2: 06

U.S. DISTRICT COURT
HARTFORD CT


**PLAINTIFF'S EMERGENCY SUPPLEMENTAL, POST-HEARING SUBMISSION
RE:  October 28, 2003 HEARING ON PLAINTIFF'S
MOTION FOR PROTECTIVE
<u>ORDER AND DEFENDANT'S MOTION TO COMPEL</u>**

    The Plaintiff, John D. Lane (the "Plaintiff") by his attorneys, JACOBS PARTNERS, LLC, hereby submits this supplemental pleading that provides overwhelming evidence that the Defendant has NO REGARD for the emotional and professional damage it is inflicting on Mr. Lane.  Within hours of this Court's hearing Plaintiff's Motion for a Protective Order, the Defendant set loose its "consultants" who began contacting securities industry professionals and even Mr. Lane's casual acquaintances and drilling them regarding Mr. Lane's ETHICS and his DISABILITY INSURANCE CLAIM.

    The Plaintiff urges this Honorable Court, pursuant to Fed. R. Civ. P. 26(c) to issue an IMMEDIATE PROTECTIVE ORDER enjoining the Defendant from contacting, either directly or through any other source, anyone in the securities industry or anyone with whom Mr. Lane has a direct, or indirect, business relationship absent an Order that sets forth the specified terms and conditions of the discovery; that certain matters not be inquired into; and that the scope of the discovery be limited to certain matters pursuant to Fed. R. Civ. P. 26(c)(2) and (4).

**ORAL ARGUMENT <u>IS</u> REQUESTED.**

## I. BACKGROUND

On Tuesday, October 28, 2003, at 9:30 a.m., the Honorable Judge Martinez heard oral argument on Plaintiff's Motion for Protective Order. The Plaintiff did not want the Defendant to be allowed to contact his clients and customers because he feared that it would destroy his career. Defense counsel told this Court that she was using caution in how she approached anyone regarding Mr. Lane's claim to avoid disclosing the nature of his disability claim. However, as Plaintiff's counsel argued, even disclosing the fact that the claim was for disability itself was damaging.

This Court took the matter under advisement and indicated that it would issue a ruling shortly. Within hours, Mr. Lane received several phone calls from various professional acquaintances including Jeffrey Adducci of the National Investment Bankers Association. Mr. Adducci told Mr. Lane that Carrie DeStefano contacted him. DeStefano told Mr. Adducci that she was a consultant working for attorney Pam Cameron and that she had questions *regarding Mr. Lane's business practices and business ethics.*

Shortly thereafter, Mr. Lane again called his attorneys to inform them that Rob Somers, a professional acquaintance with whom he had golfed in June, called to tell him that Dennis Dubanevich of Consolidated Consultants had contacted Mr. Somers. Dubanevich told Mr. Somers that he was working for attorney Cameron and was conducting a background investigation of Mr. Lane. Dubanevich questioned Mr. Somers *regarding Mr. Lane's ethics and asked if he knew anything about Mr. Lane's disability claim.*

Defense counsel did not disclose during the hearing that she was in the process of contacting or having her agents contact various industry associates to inquire regarding Mr. Lane's ethics. Moreover, Cameron knew that Plaintiff specifically had a concern regarding disclosing the fact that the nature of Mr. Lane's claim was for disability. Given such lack of candor, Mr. Lane and his counsel have serious concerns regarding defense

counsel's assertion that she should be permitted to self-regulate her communications with third parties regarding Mr. lane in pursuit of defendant's discovery.

Plaintiff's counsel, Robert M. Fleischer, phoned Ms. Cameron's office at approximately 2:30 p.m. and left a detailed message regarding the issues addressed herein. By the close of business, he had not received a return call.

## II. **CONCLUSION**

Mr. Lane implores this Honorable Court to issue an IMMEDIATE PROTECTIVE ORDER enjoining the Defendant from contacting, either directly or through any other source, anyone in the securities industry or anyone with whom Mr. Lane has a direct, or indirect, business relationship absent an Order that sets forth the specified terms and conditions of the discovery; that certain matters not be inquired into; and that the scope of the discovery be limited to certain matters. IT IS CRITICAL THAT THIS COURT PROTECT MR. LANE FROM DEFENDANT'S UNSCRUPULOUS TACTICS.

Dated: Norwalk, CT
      October 28, 2003

                              The Plaintiff,
                              JOHN D. LANE

                              By their attorneys,
                              JACOBS PARTNERS LLC

                              Gerry A. McMahon (CT24881)
                              Robert M. Fleischer (CT11960)
                              Mark R. Jacobs (CT12255)
                              Merritt View
                              383 Main Avenue
                              Norwalk, CT 06851
                              Tel: (203) 846-6622

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent, via facsimile and via first class mail, postage paid, on the 28th day of October, 2003, upon the following:

Pamela Levin Cameron, Esq.
Lewis K. Wise, Esq.
David J. Heinlein, Esq.
Rogin, Nassau, Caplan,
    Lassman & Hirtle, LLC
City Place I, 185 Asylum Street
Hartford, CT 06103-3460

                                                Robert M. Fleischer