

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************************
:
JOHN D. LANE :
:
v. : Case No. 302CV1038 (AWT)
:
JEFFERSON PILOT FINANCIAL :
INSURANCE COMPANY : November 3, 2003
:
*******************************************

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EMERGENCY SUPPLEMENTAL POST HEARING SUBMISSION RE: OCTOBER 28, 2003 HEARING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DEFENDANT'S MOTION TO COMPEL

Pursuant to Local Rule 9(a), the Defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), submits this Memorandum of Law in opposition to the Plaintiff's Emergency Supplemental Post Hearing Submission re: October 28, 2003 Hearing on Plaintiff's Motion for Protective Order and Defendant's Motion to Compel dated October 28, 2003 ("Plaintiff's Emergency Post Hearing Submission").

**ORAL ARGUMENT IS REQUESTED**

The Plaintiff in this case ("Lane") is a securities broker who applied for and was denied monthly disability benefits by the Defendant, Jefferson Pilot. Lane claimed that he has been totally disabled since 1999 and entitled to benefits under the policy due to disabling depression. Jefferson Pilot maintains that Lane is not eligible for any monthly disability benefits under the terms of the disability insurance policy in question.

On June 23, 2003, Jefferson Pilot served interrogatories to Lane requesting the identity of his clients and Lane objected. During Lane's deposition, Jefferson Pilot again inquired as to the identity of Lane's clients, and also his business and social contacts. Lane disclosed the identity of his business and social contacts but again refused to disclose clients. Defense counsel subsequently hired an investigator to interview Lane's business and social contacts, and filed a Motion to Compel the disclosure of Lane's clients.

The investigator contacted the disclosed business and social acquaintances because they interacted with Lane during the period of his claimed disabling depression. Some or all may have information relevant to Lane's claim and to Jefferson Pilot's defense of this action. It should be clear to Lane by now that he has put his mental state and his ability to work at issue in this case. Persons with whom he has interacted both professionally and socially during his claimed period of disability have relevant information which Jefferson Pilot is entitled to discover.

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Memo of Law & Opposition 10-31-03.doc

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

On Tuesday, October 28, 2003, at 9:30 a.m., the Court (The Honorable Martinez, U.S.M.J.) heard oral argument on the Defendant's Motion to Compel and the Plaintiff's Motion for Protective Order regarding the identity of Lane's clients. This was Lane's third attempt to block Jefferson Pilot's access to relevant discovery. Jefferson Pilot filed two previous Motions to Compel (January 28, 2003 and July 1, 2003), both of which were granted (March 11, 2003 and July 25, 2003, respectively).

On October 29, 2003, Lane filed an Emergency Supplemental Post Hearing Submission stating that he received phone calls from various professional acquaintances who said they had been questioned regarding Lane's business practices and ethics.

The individuals contacted on October 28, 2003 have no relationship whatsoever to the hearing in front of The Honorable Judge Martinez because that argument related to the identity of clients whom Lane refused to reveal in interrogatories and at deposition. The investigator's interviews were strictly limited to colleagues and social contacts specifically identified by Lane at his deposition. Defense counsel contacted the investigator several weeks ago, and it is merely coincidental that he called some individuals on the same day as the hearing.

The undersigned gave the investigator a script with questions relating to the time period that each contact interacted with Lane, the basis of those interactions, and the individual's opinion of Lane's abilities and accomplishments. Even though Attorney Cameron made no representations at

- 3 -

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Memo of Law & Opposition 10-31-03.doc

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

the October 28, 2003 hearing regarding non-clients, she still displayed sensitivity to Lane's concerns by specifically instructing the investigator **not** to disclose details of the case or the nature of Lane's disability claim. Attorney Cameron contacted the investigator after receiving Lane's Motion, and he indicated that he did not deviate from the script; therefore, any discussion that may have occurred regarding Lane's business ethics would have been initiated by the interviewee. Defense counsel will make available the script that was provided to the New Jersey investigator for the Court to review in camera.

Discovery rules do not prohibit defense counsel from independently gathering facts from third party witnesses. Lane has no standing to interfere with the defendant's independent investigation of his claim. Jefferson Pilot must determine whom to depose and complete those depositions by November 30, 2003. This requires independent contact with all the potential witnesses that Lane himself disclosed during his deposition. This is clearly within the bounds of discovery and Lane has no basis or standing to block Jefferson Pilot's investigation of his claim. For these reasons, Jefferson Pilot respectfully requests that The Honorable Court deny Plaintiff's

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Memo of Law & Opposition 10-31-03.doc

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

Emergency Supplemental Post Hearing Submission.[1]

---

[1] Plaintiff's counsel stated in his Motion that he phoned Attorney Cameron's office at approximately 2:30 p.m. on October 28, 2003, the day of the hearing, and left a detailed message regarding this matter. A verbatim transcription of Attorney Fleischer's voice mail message is as follows: "Pam, it's Bob Fleischer calling. It's twenty to 4:00 on Tuesday afternoon. I just received a phone call from my client. Apparently from what he has heard, you have been contacting people in the securities industry to raise questions about my client's ethics. I think you're insane, and I think you ought to give me a call immediately so that we can discuss this and maybe you can explain to me why I shouldn't be moving immediately for an emergency motion in Court. Give me a call at 203-846-6622. I expect to hear from you today." Attorney Cameron did not return this phone call. In calling Attorney Cameron "insane," Attorney Fleischer's attack exceeds the modicum of civility that should exist among counsel and violates the Preamble to the Connecticut Rules of Professional Conduct, which describe a lawyer's responsibility to demonstrate respect for the legal systems and those who serve it, including other lawyers.

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Memo of Law & Opposition 10-31-03.doc

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

THE DEFENDANT, JEFFERSON PILOT
FINANCIAL INSURANCE COMPANY

By: ____*Pam Cameron*____
Pamela Levin Cameron, ct22659
David J. Heinlein, ct09043
Rogin, Nassau, Caplan, Lassman &
Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460
Telephone No.: 860-278-7480
Fax No.: 860-278-2179
E-mail: pcameron@roginlaw.com
E-mail: dheinlein@roginlaw.com

- 6 -

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Memo of Law & Opposition 10-31-03.doc

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## CERTIFICATION

  This is to certify that a copy of the foregoing has been sent via facsimile and first class mail on this 3rd day of November, 2003 to the following:

Robert M. Fleischer, Esq.
Gerry McMahon, Esq.
Jacobs Partners, LLC
Merritt View
383 Main Avenue
Norwalk, CT  06851

                      *Pam Cameron*
                      Pamela Levin Cameron

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Memo of Law & Opposition 10-31-03.doc

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793