UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------X

JOHN D. LANE,

           Plaintiff,

    -v-

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY,

           Defendant.

--------------------------------------------------------X

Case No.  3:02CV1038 (AWT)

March 9, 2004

## PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

The plaintiff, John D. Lane (Alternatively "John Lane," "Lane" or the "Plaintiff") by

his attorneys, JACOBS PARTNERS, LLC, pursuant to D. Conn. L. Civ. R. 56(a)(2), in

opposition to Defendant's Motion for (Partial) Summary Judgment, hereby submits his

response to Defendant's Local Rule 56(a)(1) statement

### I. ANSWER TO DEFENDANTS LOCAL RULE 56(a)(1) STATEMENT

1.     DENIED.  (Affidavit of Attorney Gerry McMahon, Exhibit 1, Defendant's

Responses to Plaintiff's Second Set of Interrogatories and Requests for Production,

Interrogatory Nos. 1-7, Defendant's Responses to Plaintiff's Third Set of Interrogatories

and Requests for Production, Interrogatory Nos. 1-3).

2.     DENIED.  (Affidavit of Attorney Gerry McMahon, Exhibit 1, Defendant's

Responses to Plaintiff's Second Set of Interrogatories and Requests for Production,

Interrogatory Nos. 1-7, Defendant's Responses to Plaintiff's Third Set of Interrogatories

and Requests for Production, Interrogatory Nos. 1-3).

3.     DENIED.  (Affidavit of Attorney Gerry McMahon, Exhibit 1, Defendant's

Responses to Plaintiff's Second Set of Interrogatories and Requests for Production,

Interrogatory Nos. 1-7, Defendant's Responses to Plaintiff's Third Set of Interrogatories

and Requests for Production, Interrogatory Nos. 1-3).

4.    Plaintiff admits that Defendant represented the information set forth in ¶4 of

its Rule 56(a)(1) statement.

5.    Plaintiff admits that Defendant represented the information set forth in ¶5 of

its Rule 56(a)(1) statement.

## II. DISPUTED ISSUES OF MATERIAL FACT

1.    Defendant has engaged in misrepresentation and/or false advertising in

violation of §38a-816(1).

2.    Defendant has engaged in unfair and deceptive acts and practices with such

frequency as to indicate a general business practice in violation of CUIPA §38a-815.

3.    Defendant's conduct in violating CUIPA constitutes a violation of CUTPA.


Dated: Norwalk, Connecticut
       March 9, 2004

                              The Plaintiff,
                              JOHN D. LANE

                              By their attorneys,
                              JACOBS PARTNERS LLC



                              Gerry A. McMahon (CT24881)
                              Robert M. Fleischer (CT11960)
                              Mark R. Jacobs (CT12255)
                              Merritt View
                              383 Main Avenue
                              Norwalk, CT 06851
                              Tel: (203) 846-6622

# CERTIFICATION

This is to certify that a copy of the foregoing was sent, via first class mail, postage paid, on 9th day of March, 2004, upon the following:

Pamela Levin Cameron, Esq.
Lewis K. Wise, Esq.
David J. Heinlein, Esq.
Elizabeth J. Robbin, Esq.
Rogin, Nassau, Caplan,
      Lassman & Hirtle, LLC
City Place I, 185 Asylum Street
Hartford, CT 06103-3460

Robert M. Fleischer



**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* :
                                          :

**JOHN D. LANE**                      :

     **v.**                            :       **Case No. 302CV1038 (AWT)**

                                          :

**JEFFERSON PILOT FINANCIAL**      :
**INSURANCE COMPANY**             :       **SEPTEMBER 25, 2003**

                                          :
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* :

---

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
### SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

### I. INTERROGATORIES

**Interrogatory No. 1:**

How many claims for benefits based upon a mental, emotional, psychological and/or psychiatric disability did Chubb (or Jefferson Pilot, as the case may) receive from January 1, 1994 to present?

    **ANSWER:**    For the period from January 1, 1994 through August 23, 2003, Jefferson Pilot received claims for benefits based upon a mental, emotional, psychological and/or psychiatric disability on 202 policies.

**Interrogatory No. 2:**

Of those claims, how many were denied?

**ANSWER:**    Claims on a total of 45 policies were denied.

**Interrogatory No. 3:**

Of the claims that were denied, how many resulted in a legal action against the Chubb (or Jefferson Pilot, as the case may)?

**ANSWER:**    A total of 7 lawsuits were filed.

**Interrogatory No. 4:**

Identify the following information as to each legal action referred to in Interrogatory No. 3: Case caption including case file number, attorneys for plaintiff(s), date filed, state/district in which suit filed, court in which suit filed, disposition of suit (i.e. whether pending, dismissed, on appeal, or settled).

**ANSWER:**

1. Richard G. Dubin and Catherine Dubin, his wife v. United Life and Accident Insurance Company of America and/or Jefferson Pilot Financial and/or John and Jane Doe 1-12, Officers, Employees, and Agents of Defendant Corporations, jointly, severally, and in the alternative One Granite Place, Concord, NH 03302-0515. Case No. 99-8141. Attorney for Plaintiff: Richard Doty. Complaint served on 2/23/99. USDC for the Southern District of Florida. Settled.

2. Zenith Dyeing and Finishing Co., Inc. v. Chubb Life Insurance Company of America, Case No. L-9283-96. Attorney for Plaintiff: David T. Miller. Filed 12/13/96, Superior Court of New Jersey, Law Division, Passaic County. Settled.

3. Lloyd G. Wickboldt, M.D. v. Jefferson Pilot Financial Insurance Company, Case #CIO 01 1885. Attorney for Plaintiff: H. Clay Parker, IV. Filed 4/4/01. Circuit Court of the Ninth Judicial Circuit, Orange County, Florida. Settled.

4. Barry Brown v. Chubb Life Insurance Company of America, a New Hampshire Corporation. Case #97-6103-CIV-HURLEY. Attorney for Plaintiff: Abe Rosenberg. Filed 1/8/97. USDC Southern District of Florida. Settled.

5. Ned Lindsay, Jr., M.D. v. Chubb Life Insurance Company of American, A Corporation, Jefferson Pilot Financial Insurance Company and Does 1 to 100. Case #L0047953. Attorney

– 2 –

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

for Plaintiff: Edward J. Deason. Filed 2/22/99. Superior Court for the State of California for the County of LA. Settled.

6. Jeffrey B. Sack, M.D. v. Jefferson Pilot Financial Insurance Company f/k/a Chubb Life Insurance Company of America, and James B. Tollerton, CLU, ChFC. Case #98-7460. Attorney for Plaintiff: Michael S. Taafe. Filed 12/31/98. Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida. Settled.

7. Rex Routh v. Chubb Life Insurance Company of America, a New Hampshire Corporation d/b/a Chubb Life America, d/b/a United Life and Accident Insurance Company. Case #CT 97-019577. Attorney for Plaintiff: Howard L. Bolter. Filed 1/28/97. State of Minnesota, Hennepin County, District Court, Fourth Judicial District. Settled.

**Interrogatory No. 5:**

Of the claims referred to in Interrogatory No. 1, how many did the Chubb pay any benefits?

**ANSWER:**    Chubb paid benefits on 178 policies.

**Interrogatory No. 6:**

From 1994-present, how many times has the Chubb (or Jefferson Pilot, as the case may be) been sued under state or federal law for violations of any unfair trade practices?

**ANSWER:**    Of the total disability lawsuits filed against Chubb and/or its successor Jefferson Pilot from January 1, 1994 to the present, only 15 lawsuits included claims for unfair trade practices.

**Interrogatory No. 7:**

From 1994-present, how many times has the Chubb (or Jefferson Pilot, as the case may be) been sued under state or federal law for violations of any unfair insurance practices?

**ANSWER:**    Of the total disability lawsuits filed against Chubb and/or its successor Jefferson Pilot from January 1, 1994 to the present, only 3 lawsuits included claims for unfair insurance practices. One of these lawsuits claimed unfair trade practices and is also included in the answer to Interrogatory No. 6.

\\Caplan\Documents\Public\L.Wise\Jefferson Pilot Financial\Pleadings\Responses to Interr Second Set-9-16-03.doc
9/29/03 10:11 AM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following documents:

1.    Copies of all of the Plaintiff's Chubb LifeAmerica files including, ***but not limited to***, Insurance Application(s), Insurance Policies, Insurance Claim File Nos. 001601 (application), 009002259 (policy), 0097140, 000877378 (policy).

**Already provided.**

2.    Copies of all documents that refer or relate in any way to any claim submitted by Lane for benefits under the Policy, including documents that refer or relate to your review, assessment or investigation of such claims.

**Already provided.**

3.    Copies of all communications between the Chubb and any re-insurer regarding John Lane's individual income disability application, policy(ies), claims from 1994-present.

**Already provided.**

– 4 –

\\Caplan\Documents\Public\L.Wise\Jefferson Pilot Financial\Pleadings\Responses to Interr Second Set-9-16-03.doc
9/29/03 10:11 AM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT  06103-3460 • (860) 278-7480 • JURIS NO. 50793

THE DEFENDANT, JEFFERSON PILOT
FINANCIAL INSURANCE COMPANY

By: _Pamela Levin Cameron_

Pamela Levin Cameron
Federal Bar No. ct22659
Rogin, Nassau, Caplan, Lassman &
Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460
Telephone No.: 860-278-7480
Fax No.: 860-278-2179
E-mail: pcameron@roginlaw.com

– 5 –

\\Caplan\Documents\Public\L.Wise\Jefferson Pilot Financial\Pleadings\Responses to Interr Second Set-9-16-03.doc
9/29/03 10:11 AM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## DEFENDANT'S CERTIFICATION

This is to certify that I, Jane P. Neidermyer, on behalf of the defendant in this action, **Jefferson Pilot Financial Insurance Company**, have read the foregoing answers to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents and state that I am informed and believe that they are true and accurate.

**Jefferson Pilot Financial Insurance Company**

By: _Jane P. Neidermyer_

**Manager, Individual Disability Claims**

STATE OF NEW HAMPSHIRE    ]
                          ] ss. _Concord_
COUNTY OF _Merrimack_      ]

On the _25th_ day of _September_ in the year 2003, before me, the undersigned, a notary public in and for said state, personally appeared _Jane P. Neidermyer_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_Ruth A. Kimball_

**Notary Public**
**My Commission Expires: __/__/__**

RUTH G. KIMBALL, Notary Public
My Commission Expires March 22, 2005

– 6 –



## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered on this   30th day of September, 2003 to the following:

Robert M. Fleischer, Esq.
Gerry A. McMahon, Esq.
Jacobs Partners, LLC
Merritt View
383 Main Avenue
Norwalk, CT  06851


<u>Pamela Levin Cameron</u>
Pamela Levin Cameron

\\Caplan\Documents\Public\L.Wise\Jefferson Pilot Financial\Pleadings\Responses to Interr Second Set-9-16-03.doc
9/29/03 10:11 AM

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

2



RECEIVED
2004
CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-------------------------------------------------------X
:
JOHN D. LANE,                                          :
:
Plaintiff,                          : Case No. 3:02CV1038 (AWT)
:
-v-                                       :
:
JEFFERSON PILOT FINANCIAL                              :
INSURANCE COMPANY,                                     :
:
Defendant.                          : **January 30, 2004**
-------------------------------------------------------X

<u>**DEFENDANT'S RESPONSES TO**</u>
<u>**PLAINTIFF'S THIRD SET OF INTERROGATORIES**</u>
<u>**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>
<u>**DATED DECEMBER 29, 2003**</u>

The plaintiff, John D. Lane ("Lane"), hereby requests pursuant to Fed. R. Civ. P. 26, 33 and

34, that the defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") comply with

the following Interrogatories and Requests for Production fully and under oath within thirty (30)

days of the date hereof.

<u>**DEFINITIONS:**</u>

1.       The term "Lane" shall mean the Plaintiff, John D. Lane shall include his present and

former agents and all other persons acting or purporting to act on his behalf.

2.      The terms "Jefferson Pilot," "you" and "your" mean the defendant, Jefferson Pilot Financial Insurance Company, and shall include its predecessors, successors and present and former directors, officers, executives, employees, agents and all other persons acting or purporting to act on its behalf.

3.      The term "Policy" shall mean the disability income insurance policy issued by the Chubb Insurance Group to Lane, referred to in the Complaint and designated as policy number 009002259.

4.      The term "Complaint" shall mean the complaint filed with the United States District Court for the District of Connecticut on June 17, 2002 by Lane against Jefferson Pilot in case no. 3:02CV1038 (AWT).

5.      The term "Answer and Affirmative Defenses" shall mean the Amended Answer and Affirmative Defenses filed with the District Court in connection with this civil action on April 2, 2003 by Jefferson Pilot.

6.      The term "Chubb" shall mean The Chubb Insurance Group and shall include its predecessors, successors and present and former directors, officers, executives, employees, agents and all other persons acting or purporting to act on its behalf.

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

7.      The term "each" includes the word "every" and "every" includes the word "each"; "any" includes the word "all" and "all" includes the word "any"; "and" includes the word "or" and "or" includes the word "and."

8.      The term "person" means any person and includes natural persons, corporations, partnerships, associations, joint-venturers, firms and other business enterprises or legal entities and includes both the singular and the plural.

9.      The term "identify" or "identity", when used with reference to a natural person, means to state to the fullest extent possible his or her full name, present or last known business and residence address, current business affiliation and position of employment at the time in question.

10.      The term "identify" or "identity", when used with reference to a document, means (a) to set forth, as applicable, the date, author and type of document (e.g., letter, memorandum, telegraph, chart, etc.), title and subject matter of the document, or to provide some other means of identifying it or to disclose its present location and custodian and to state the name(s), address(es) of all persons to whom a copy of such document was sent; or (b) to set forth the information that is required by the preceding subparagraph but does not appear on the face of the document, and to deliver a legible copy of the document to the plaintiff's attorneys at the time the answer to the interrogatory is served and to identify the document in the answer in a manner that will distinguish it from all other copies of documents delivered at the same time.

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT  06103-3460 • (860) 278-7480 • JURIS NO. 50793

11.    "Document" is used herein in its broadest sense and includes any information whatsoever that has been stored or preserved in any form which can be viewed, seen inspected, examined, read, or listened to, and any thing or object which can be reduced to such form, including typed, printed, and written information and any reproduction thereof, tape or other recordings, photographs, photostats, microfilm, printouts, hard or soft computer disks or drives or any other computerized medium of which information can be stored.

12.    Documents "relating to" any given subject (or documents "relating thereto") means all materials that constitute, contain, embody, reflect, identify, state, refer to, deal with or in any way pertain to that subject, including without limitation, documents which relate to the preparation of another document, or are attached to or constitute enclosures with another document.

13.    The terms "refer" or "relate" include containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

14.    The conjunctions "and" and "or" shall be interpreted and construed "and/or," and shall not be interpreted to exclude any information otherwise within the scope of any request.

15.    The terms "communication" or "communications" include all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone

4

conversations, letters, correspondence, notes, telegrams, faxes or facsimiles or tele-copies, e-mail,

voice-mail or other forms of communication, including but not limited to, both oral and written

communications.

## I.    INTERROGATORIES

### GENERAL OBJECTIONS:

1. **The defendant objects to these interrogatories and requests for production to the extent that they request the discovery of information that is otherwise privileged including, but not limited to, information developed in anticipation of litigation, attorney-work product information, or information that is protected by attorney-client privilege.**

2. **The defendant objects to the definitions to the extent that the definition defines a word or term other than in its commonly understood meaning.**

**Notwithstanding and without waiving these objections, the defendant responds as follows:**

### Interrogatory No. 1.:

Identify all persons, other than employees or representatives of the Defendant or the re-insurer, who the Defendant or its representatives contacted in connection with the Defendant's investigation of the Plaintiff's insurance claim or the claims asserted by the parties in this litigation, from the date Plaintiff filed his claim to the present, including the full names of all individuals contacted, the date(s) of the contact(s), the name(s), title(s), and employer of the person(s) who made the contact(s)?

**OBJECTION: The Defendant objects to the extent that the Plaintiff requests information after the commencement of litigation as this is protected by the attorney-work product and attorney-client privilege. Notwithstanding said objection, Defendant relies on the claim file as the best evidence of the persons contacted about the Plaintiff's insurance claim. Pursuant to F. R. Civ. P. 33, see the claim file that has already been produced.**

5

*LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC*
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793



### Interrogatory No. 2:

Identify the following information as to each legal action referred to in answer to Interrogatory No. 6 of Plaintiff's Second Set of Interrogatories and Requests for Production including any that have been filed since the date the answers to Interrogatory No. 6 were provided:  Case caption including case file number, attorneys for plaintiff(s), date filed, state/district in which suit filed, court in which suit filed, disposition of suit (i.e. whether pending, dismissed, on appeal, or settled), date of disposition of suit, amount of disposition of suit including whether the verdict was for or against Defendant, amount of verdict even if case is on appeal, amount of settlement, and, if pending, amount the Plaintiff(s) claimed. *A copy of Defendant's Answers to Plaintiff's Second Set of Interrogatories and Requests for Production are attached hereto for reference.*

**OBJECTION:  The Defendant objects to this interrogatory to the extent that it requests information regarding terms of settlement, because this information remains confidential and because this information is irrelevant to the issues in this lawsuit.  Notwithstanding said objections, the defendant responds as follows:**

1.    <u>Gerald Fishkin, Ph.D. vs. Chubb & Sons, Inc.; The Chubb Corporation; Chubb Life Insurance Company of America; formerly known as United Life and Accident Insurance Company; Lee Yoseloff, M.D.; and Does 1 through 100, inclusive.</u>

    Case No. BC 153 113 filed 7/03/1996 in the Superior Court of the State of California for the County of Los Angeles.  Plaintiff's counsel:  Frank N. Darris

    **Status:  Settled September 1997.**

2.    <u>Richard Duncan vs. Chubb Life Insurance Company of America.</u>

    Case No. 97 434 filed 3/27/1997 in the Commonwealth of Massachusetts Superior Court, Hampden Division, removed to United States District Court for the District of Massachusetts, No. CA 97-30101-KPN.  Plaintiff's counsel:  Patricia A. Zak.

    **Status:  Jury Verdict for defendant Chubb Life Insurance Company of America**

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

5/18/1999.

3.    <u>Donald Shellenberger vs. Chubb Life America and United Life and Accident Insurance Company.</u>

Case No. 95-2477 filed 6/06/1995 in Court of Common Pleas Lancaster County, Pennsylvania removed to United States District Court for the Eastern District of Pennsylvania No. 95-4514.  Plaintiff's counsel:  Vivian B. Narehood.

Status:  Settled June 1996.

4.    <u>Paul Ferragamo vs. Chubb Life Insurance Company of America.</u>

Case No. 93-2918 filed 12/16/1993 in Essex County Superior Court Commonwealth of Massachusetts removed to United States District Court for the District of Massachusetts No. 94-10164.  Plaintiff's counsel:  Frank Mondano.

Status:  Jury verdict for defendant Chubb Life Insurance Company of America, including counterclaim, on 11/15/1995.  Appealed by plaintiff – Judgment affirmed 9/03/1996.

5.    <u>William Douglas O'Rear vs. Jefferson Pilot Financial Insurance Company</u>

Case No. 3-00 0828 filed 8/30/2000 United States District Court for the Middle District of Tennessee Nashville Division.  Plaintiff's counsel:  David L. Cooper.

Status:  Settled September 2001.

6.    <u>John Fiorentino, Jr. vs. United Life and Accident Insurance Company and Chubb Life Insurance Company of America.</u>

Case No. 96-3279 filed 6/24/1996 Superior Court Suffolk County Commonwealth of Massachusetts removed to United States District Court for the District of Massachusetts. Plaintiff's counsel:  Wayne A. Perkins.

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT  06103-3460 • (860) 278-7480 • JURIS NO. 50793

Status:  Settled 5/19/1997.

7.    Gary Bruce Elliott, M.D. vs. Jefferson Pilot Financial Insurance Company and Chubb Life Insurance Company of America.

Case No. DV99-3063 filed 4/30/1999 District Court Dallas County, Texas A-14[th] Judicial District removed to United States District Court for the Northern District of Texas Dallas Division No. 3-99CV1249-L.  Plaintiff's counsel:  Joseph O. Collins, Jr.

Status:  Settled January 2001.

8.    Dr. Alfred Kreindler vs. Jefferson Pilot Financial Insurance Company, Goldstone & Associates, and Daniel J. Goldstone, jointly and/or severally.

Case No. 01-034210-CK filed 8/22/01 in the Circuit Court for the County of Oakland State of Michigan.  Plaintiff's counsel:  Matthew L. Turner.

Status:  Settled September 2002.

9.    Dorothy Harrison vs. Chubb Life Insurance Company of America and United Life and Accident Insurance Company.

Case No. 97-E-0199 filed 7/03/1997 in Merrimack County Superior Court State of New Hampshire.  Plaintiff's counsel:  Charles B. Doleac.

Motion for Summary Judgment granted 6/29/1998, dismissing all counts relating to Consumer Protection Act.

Status:  Case settled August 1998.

10.    James Fazio, D.D.S. vs. Jefferson Pilot Financial Insurance Company, Chubb Life Insurance Company of America, Chubb Colonial Life Insurance Company, Chubb Securities Corporation, Chubb Sovereign Life Insurance Company and United Life and Accident Insurance Company.

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT  06103-3460 • (860) 278-7480 • JURIS NO. 50793

Case No. GC 97-9195 filed 4/13/1998 in the Court of Common Pleas of Allegheny County Commonwealth of Pennsylvania. Plaintiff's counsel: James Villanova.

Status: Settled November 1999.

11.  <u>Vivian E. Young and James W. Young vs. Chubb Life Insurance Company of America, United Life and Accident Insurance Company, The Colonial Life Insurance Company of America, Chubb Sovereign Life Insurance Company, Sovereign Life Insurance Company of California, Volunteer State Life Insurance Company, Individually, DBA Chubb Life America, John Swope, Randall Craig, Charles C. Cornelio, Frederick H. Condon, Rugh Corson, Cydney Jewell, Patricia M. Johnson, Kevin Henry, Mark C. Chavez, Randall A. MacDormand, Jessica Feeley, W. Edward Summer, Patricia Darling, Equifax Services, Inc. and Steve Manley.</u>

Case No. 95-02-12936CV filed 2/06/1995 in the District Court of Maverick County, Texas. Plaintiff's counsel: I. Nelson Heggen.

Status: Defendants' Motion for Summary Judgment granted; Case Dismissed with Prejudice 01/10/1996.

12.  <u>Vivian Young f/k/a Eve Davis vs. Jefferson Pilot Financial Insurance Company f/k/a Chubb Life America and/or United Life and Accident Insurance Company, Chubb LifeAmerica, United Life and Accident Insurance Company; Does and Roes 1-20 inclusive.</u>

Case No. A400141 filed 3/4/1999 in Clark County, Nevada District Court. Plaintiff's counsel: Robert A. Nerseian.

Status: Dismissed with Prejudice 11/07/2000.

13.  <u>Thomas E., Slade vs. Jefferson Pilot Corporation and Jefferson Pilot Financial Insurance Company.</u>

Case No. WOCV2003-00139 filed 1/17/2003 in the Superior Court of Worcester County, Massachusetts. Plaintiff's counsel: Mala M. Rafik.

*LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC*
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

**Status:  Settled April 2003.**

14.  <u>Samuel H. Brangan, Jr. vs. Chubb Life Insurance Company of America, Inc. a/k/a Chubb LifeAmerica.</u>

Case No. 97001602-16-1 filed 2/28/1997 in the Court of Common Pleas of Bucks County, Pennsylvania.  Plaintiff's counsel:  S. Richard Klinges, III.

**Status:  Pending.**  The Court granted Jefferson Pilot's summary judgment on 6/17/03, dismissing all unfair claim practice allegations.

15.  <u>Albert M. Ghassemian, M.D. vs. Jefferson Pilot Financial Insurance Company.</u>

Case No. ESCV200201121 filed June 2002 in Essex County Superior Court Commonwealth of Massachusetts.  Plaintiff's counsel:  Robert P. Turner.

**Status:  Pending.**

<u>Interrogatory No. 3:</u>

Identify the following information as to each legal action referred to in answer to Interrogatory No. 7 of Plaintiff's Second Set of Interrogatories and Requests for Production including any that have been filed since the date the answers to Interrogatory No. 7 were provided:   Case caption including case file number, attorneys for plaintiff(s), date filed, state/district in which suit filed, court in which suit filed, disposition of suit (i.e. whether pending, dismissed, on appeal, verdict, or settled), date of disposition of suit, amount of disposition of suit including whether the verdict was for or against Defendant, amount of verdict even if case is on appeal, amount of settlement, and, if pending, amount the Plaintiff(s) claimed.  *A copy of Defendant's Answers to Plaintiff's Second Set of Interrogatories and Requests for Production are attached hereto for reference.*

**OBJECTION:  The Defendant objects to this interrogatory to the extent that it requests information regarding terms of settlement, because this information remains confidential and because this information is irrelevant to the issues in this lawsuit.  Notwithstanding said objections, the defendant responds as follows:**

*LAW OFFICES* • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

1.    **Gary Bruce Elliott, M.D. vs. Jefferson Pilot Financial Insurance Company and Chubb Life Insurance Company of America.**

Case No. DV99-3063 filed 4/30/1999 District Court Dallas County, Texas A-14th Judicial District removed to United States District Court for the Northern District of Texas Dallas Division No. 3-99CV1249-L.  Plaintiff's counsel:  Joseph O. Collins, Jr.

Status:  Settled January 2001.

2.    **Georges Birenbaum vs. Chubb Life Insurance Company of America d/b/a Chubb LifeAmerica.**

Case No. 96-CI-1047 filed 3/26/1996 in Fayette Circuit Court Civil Branch 6th Division Commonwealth of Kentucky removed to United States District Court Eastern District Kentucky at Lexington No. 96-172.  Plaintiff's counsel:  C. David Emerson.

Status:  Dismissed with prejudice at the request of plaintiff's counsel 12/19/1996.

3.    **Raul E. Gonzalez Diaz, Carmen L. Reyes Serrano and the Legal Conjugal Partnership constituted by them vs. Jefferson Pilot Financial Insurance Company.**

Case No. 00-2609(DRD) filed 12/22/2000 in the United States District Court for the District of Puerto Rico.  Plaintiff's counsel:  Jorge E. Velez Velez.

Status:  Settled April 2002.

**Interrogatory No. 4:**

State with specificity the basis of Defendant's first affirmative defense that the Complaint fails to state a claim for which relief can be granted.

**OBJECTION:**  The Defendant objects to this interrogatory because disclosure of such information would necessarily require disclosure of mental impressions or theories of the Defendant and its counsel and is therefore protected by the work product privilege.  Rose vs. Lester, 19 Conn. L. Rptr. 548, 1997 (copy attached).  Notwithstanding said objection, the

*LAW OFFICES* • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

Plaintiff's CUIPA and CUTPA allegations fail to state a claim for which relief can be granted because the Plaintiff cannot produce any material evidence to support these claims and because the Plaintiff has failed to produce and cannot produce any material evidence that the Defendant unfairly denied other policyholders' claims for benefits with such frequency as to indicate a general business practice.

**Interrogatory No. 5:**

State with specificity any and all facts that support Defendant's Affirmative Defenses 2-5.

**OBJECTION:  See Interrogatory No. 4.**

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please provide the following documents:

1. Copies of all internal memoranda that refer to the procedure(s) for administering disability claims for mental, emotional, psychiatric, and/or psychological disorders.

   **The Defendant is not in possession of any documents responsive to this request.**

2. Produce all documentary evidence that supports your responses to each and every paragraph of Plaintiff's complaint.

   **The Defendant objects to this request as it is unduly broad and overly burdensome.  In addition, disclosure of such information would necessarily require disclosure of mental impressions or theories of the Defendant and its counsel and is therefore protected by the work product privilege.  Rose vs. Lester, 19 Conn. L. Rptr. 548, 1997 (copy attached).  This request is also confusing and difficult to understand.  Notwithstanding said objections, see all records that have already been produced in response to Plaintiff's discovery requests.**

3. Produce all documentary evidence that supports each and every alleged affirmative defense.

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT  06103-3460 • (860) 278-7480 • JURIS NO. 50793

   The Defendant objects to this request as it is unduly broad and overly burdensome.  In addition, disclosure of such information would necessarily require disclosure of mental impressions or theories of the Defendant and its counsel and is therefore protected by the work product privilege.  Rose vs. Lester, 19 Conn. L. Rptr. 548, 1997 (copy attached).  This request is also confusing and difficult to understand.  Notwithstanding said objections, see all records that have already been produced in response to Plaintiff's discovery requests.

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

# ATTACHMENT

### 97-CBAR-0481; Rose v. Lester;

**Short Name**: Rose v. Lester

**Long Name**: Dolores Rose, Conservatrix of Richard Genarro v. Brenda Lester et al.

Other Parties:

Conn. L. Rptr. Cite: 19 Conn. L. Rptr. 548

Docket Number: CV 960056266S

As-is Docket Number: CV 960056266S

Other Docket Numbers:

As-is Other Docket Numbers:

Venue: Superior Court at Milford

File Date: May 23, 1997

Caption Date:

Judge (with first initial, no space for Sullivan, Dorsey, and Walsh): FLYNN

Opinion Title:

By objecting to written discovery in this petition for a new trial, the defendant State of Connecticut has raised the issue whether the plaintiff petitioner, by means of written interrogatories, can require the defendant to disclose the "factual basis" of the defendant's denial of various aspects of the complaint. It also broadly requests production of "every document" claimed to support denial of various factual allegations of the complaint. The defendant is also now asked to state whether it claims any "waiver" of the right to counsel in a prior proceeding occurred.

This is a case where the plaintiff, as conservatrix, seeks to open a seven year old paternity judgment against her ward concerning a child who would now be age 16. The judgment was entered after the petitioner's ward made default of appearance.

Because the court agrees with the defendant that what the plaintiff seeks would inevitably result in disclosure of the strategic legal theories of a party and its attorneys, the defendant's objection is sustained.

Section 218 of the Practice Book permits discovery of information "material to the mover's cause of action . . ." which is "not privileged" if the "disclosure sought would be of assistance" in the prosecution of the action and if it can be provided by the party against whom discovery is sought "with substantial greater facility than it could otherwise be obtained by the party seeking disclosure."

Section 219 of the Rules of Practice permit discovery of material prepared in anticipation of the litigation only on a showing that: (1) there is substantial need of the material in the preparation of this

case; (2) and that [s]he is unable without "undue hardship to obtain the 'substantial equivalent' of the materials by other means; (3) and provided no disclosure of the mental impressions, conclusions or legal theories of an attorney or other representative such as insurer, concerning the litigation results from the court-ordered discovery. See P.B. 219; P.B. 216. It is clear that as to this third aspect of the rule that the prohibited disclosure of the strategic mental impressions, conclusions or legal theories apply to attorneys for a party.

Because an order granting the discovery the plaintiff requests would inevitably result in violation of the rule against impermissible disclosure of the mental impressions or theories of the defendants or their attorneys, the plaintiff's objections are sustained. The plaintiff is simply not entitled to "every document" claimed to support denial of particular paragraphs. Additionally, at this early stage of proceedings the State is not required to declare whether it will at some time maintain that the plaintiff waived or gave up the right to counsel.

Furthermore, the plaintiff has not shown substantial need. By denying certain factual allegations that the plaintiff has alleged, the defendant has properly framed the issues for trial. The effect of any such denial of any portion of the complaint is to say that certain of the facts or legal conclusions which the plaintiff has pled are not true, and place upon the plaintiff the burden of proving them. The plaintiff has a wide range of discovery vehicles available. However, the rules of practice do not contemplate the disclosure of "every document" in the defendant's file or its attorney's file supporting its denials or theories of defense of the case.

Objections sustained.

© Lawriter Corporation. All rights reserved.

  The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

FILED

2004 MAR -9 P 4: 55

DISTRICT COURT
HARTFORD CT

## DEFENDANT'S CERTIFICATION

I, <u>Lori E. Gallien</u>, <u>Senior Legal Assistant</u> of Jefferson Pilot Financial Insurance Company, hereby certify that I have reviewed the above interrogatories and requests for production and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_(signature)_

Subscribed and sworn to before me this 27th day of January 2003.

_(signature)_

Notary Public
My Commission Expires 3-22-105
Commissioner of the Superior Court

RUTH G. KIMBALL, Notary Public
My Commission Expires March 22, 2005

13

FILED

2004 MAR -9 P 4 55

## CERTIFICATION

U.S. DISTRICT COURT
HARTFORD CT

This is to certify that a copy of the foregoing was sent via facsimile and overnight courier on this 30th day of January, 2004, as follows:

Gerry A. McMahon, Esq.
Jacobs Partners, LLC
Merritt View
383 Main Avenue
Norwalk, CT 06851

Elizabeth J. Robbin
Federal Bar No. ct14788