**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **:**
                                                     **:**
**JOHN D. LANE**                                     **:**
                                                     **:**
         **v.**                                      **:**     **Case No. 302CV1038 (AWT)**
                                                     **:**
**JEFFERSON PILOT FINANCIAL**                        **:**
**INSURANCE COMPANY**                                **:**     **March 9, 2004**
                                                     **:**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S LOCAL RULE 56(a)(2) STATEMENT

Jefferson Pilot Financial responds to Lane's Local Rule 56(a)(1) Statement as follows:

1.  Admitted.

2.. Denied.  Susan Schoenfeld Affidavit dated March 9, 2004 (Exhibit A);  Affinity

     Resource Corporation Status Sheet dated June 8, 2001, (Exhibit B) ("Affinity Status");

     Application dated September 7, 1994 ("Formal Application"), (Exhibit C); Diament Dep.

     at p. 11, (Exhibit D); National Life of Vermont application, (Exhibit E).

3.   Admitted.

4.  Denied.  Lane Dep. at pp. 527-535 (Exhibit F); Woodall Dep. at pp. 26-27 and 30-33

(Exhibit G); Davis Dep. at pp. 23-24 (Exhibit H); Shaw Dep. at pp. 146-149 (Exhibit I).

5.  It is admitted that John Lane circled "depression" on his Trial Application to CCP.  It is

denied that Lane completely and accurately characterized his "depression."  Susan

Schoenfeld Affidavit dated March 9, 2004 (Exhibit A);  Affinity Resource Corporation

Status Sheet dated June 8, 2001, (Exhibit B) ("Affinity Status"); Application dated

September 7, 1994 ("Formal Application"), (Exhibit C); Diament Dep. at p. 11, (Exhibit

D); National Life of Vermont application, (Exhibit E).

6.  Admitted.

7.   Denied.  Susan Schoenfeld Affidavit dated March 9, 2004 (Exhibit A);  Affinity

Resource Corporation Status Sheet dated June 8, 2001, (Exhibit B) ("Affinity Status");

Application dated September 7, 1994 ("Formal Application"), (Exhibit C); Diament Dep.

at p. 11, (Exhibit D); National Life of Vermont application, (Exhibit E).

## DISPUTED ISSUES OF MATERIAL FACT

1. There is a disputed issue as to whether Lane made a false or misleading statement of material fact, omitted to state a material fact, intentionally or negligently misrepresented or failed to disclose a material fact, to Jefferson Pilot Financial, its predecessors, or its agents, when he applied for the Policy in 1994, because a) Jefferson Pilot Financial never received Lane's trial application in which he disclosed depression.  Schoenfeld Affidavit (Exhibit A); b) Lane never disclosed to CCP or Jefferson Pilot Financial that he had treated with Dr. Bert Diament in 1986-87.  Schoenfeld Affidavit (Exhibit A); Affinity Status, (Exhibit B); c) The same episode that Lane characterized as "depression" in his 1994 formal application to Jefferson Pilot Financial was characterized as "anxiety" in his 1994 application to National Life of Vermont.  Formal application dated September 7, 1994, (Exhibit C); NLV application (Exhibit E); and d) Lane signed the September 7, 1994 formal application, which states, in pertinent part:

   > I understand and agree that:  No agent, broker, or medical examiner has authority to waive the answers to any question, to determine insurability, to waive any of the Company's rights or requirements, or to make or alter any contract or policy (Exhibit C).

2. There is a disputed issue as to whether CCP was acting within the scope of its authority as an agent of Jefferson Pilot Financial because Lane testified that a CCP representative

told him to omit his history of depression in his formal application to Jefferson Pilot Financial. Lane Dep. at 528 (Exhibit F). Lane believed this individual was Al Woodall. Lane Dep. at 529 (Exhibit F). Al Woodall testified that he did not meet with Lane at all prior to the issuance of the policy and that he and Lane never discussed Lane's history of depression. Woodall Dep. at 33 (Exhibit G). Phil Davis, the other CCP representative with whom Lane dealt, testified that he recalled meeting with Lane once but they spent almost all of the time discussing golf. Davis Dep. at 23 (Exhibit H).

3. There is a disputed issue as to whether Jefferson Pilot Financial would have treated Lane's application for disability insurance differently if Lane had fully and completely disclosed his mental health history. Schoenfeld Affidavit (Exhibit A).

4. There is a disputed issue as to whether the incontestability clause and the preexisting condition limitation in the policy serve as a bar to Lane's claim for benefits. Plaintiff's Motion for Partial Summary Judgment ("Motion"); Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment (submitted herewith).

THE DEFENDANT, JEFFERSON PILOT
FINANCIAL INSURANCE COMPANY


By:_____
      Pamela Levin Cameron
      Federal Bar No. ct22659
      Rogin, Nassau, Caplan, Lassman
         & Hirtle, LLC
      CityPlace I, 22nd Floor
      185 Asylum Street
      Hartford, CT 06103-3460
      T: 860-278-7480/F: 860-278-2179
      E-mail: pcameron@roginlaw.com


## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed on this 9th day of March, 2004 to the following:

Robert M. Fleischer, Esq.
Gerry A. McMahon, Esq.
Jacobs Partners, LLC
Merritt View
383 Main Avenue
Norwalk, CT  06851


_____
Pamela Levin Cameron