FILED

2004 MAR 10 P 2: 15

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*********************************** :
                                    :
**JOHN D. LANE**                    :
                                    :
v.                                  :   Case No. 302CV1038 (AWT)
                                    :
**JEFFERSON PILOT FINANCIAL**       :
**INSURANCE COMPANY**               :   March 9, 2004
                                    :
***********************************

## AFFIDAVIT OF SUSAN SCHOENFELD

1. I am over eighteen years of age and I understand the obligation of an oath.

2. I am employed by Jefferson Pilot Financial Insurance Company ("Jefferson Pilot Financial"), successor to Chubb Life America ("Chubb"); and I was employed by Chubb in 1994 when John Lane ("Lane") applied for disability insurance with Chubb.

3. By issuing this disability income policy to Lane, Jefferson Pilot Financial and its reinsurer, Paul Revere, were insuring Lane's future health, as outlined in the Policy. When underwriting Lane's Policy, our goal was to assess the risk that Lane would experience future health problems, based solely on his disclosure of past medical history and then-current exam results.

4. When I underwrote the policy, my knowledge of Lane's mental health history was limited to the following notes from Dr. Geoffrey Gladstein in April 1993: "Face turns red – related to stress" and "C.P. prob. anxiety;" and a reference to "anxiety" in a National Life of Vermont policy application that Lane had completed.

5. I never received or reviewed Lane's May 1994 trial application in which he disclosed a history of depression in 1983-84, and the trial application does not appear in Jefferson Pilot Financial's underwriting file.

6. One reinsurer, NARE, had already declined to cover Mr. Lane, due to his "hypertension, build and stress history."

7. Based on the information I had received, I determined that we needed to "make sure he's had no further problems with the anxiety and stress he's had in the past;" but I assumed the reference to "anxiety" was a single incident and that it was self-limiting.

8. If I had known at the time of underwriting that Lane had seen Dr. Diament ten times in 1986-87, I would have informed the reinsurance underwriter to determine whether the reinsurer was willing to pursue Lane's application.

9. If the reinsurer agreed to continue, I would have requested records from this treatment and records from his 1983-84 treatment for depression at Yale-New Haven Hospital.

10. I would not have assumed the references to anxiety with which I was aware were self-limiting and due to the specific stressor of Lane moving from Colorado to Connecticut, as he indicated on his trial application and his National Life of Vermont application.

11. I would likely not have viewed Lane's 1983-84 depression as a "single incident" pursuant to the Paul Revere Medical Manual Underwriting Guidelines ("Medical Manual").

12. Lane's policy would likely have not been issued; or it would have been issued with one or more of the following limitations: a limited benefit period, extra premiums, an exclusion rider, a limited benefit amount.

13. In 1994, the Medical Manual was used as a guideline in underwriting policies, but each policy was subject to underwriter discretion.

14. When I determined that individual circumstances have warranted, I have deviated from the Medical Manual guidelines.

*Susan C. Schoenfeld*

Susan Schoenfeld

STATE OF NORTH CAROLINA    ]
                           ] ss.
COUNTY OF                  ]

On the __9__ day of __March__ in the year 2004, before me, the undersigned, a notary public in and for said state, personally appeared __Susan C. Schoenfeld__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

*Jennifer El Najjar*

**Notary Public**
**My Commission Expires:** 3/25/06