FILED

2004 MAR 23  P 3: 3[?]

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOHN D. LANE

v.                                          :    Case No. 302CV1038 (AWT)

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY                           :    MARCH 23, 2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S REPLY REGARDING MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule of Civil Procedure 7(d), the defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") submits this Reply to Plaintiff's Objection to Defendant's Motion for Summary Judgment. In support of the Motion, Jefferson Pilot states as follows:

1. On page nine of plaintiff's Objection and in numbers 1-3 of his Local Rule 56(a)(2) Statement, Lane refers the Court to Attorney McMahon's Affidavit regarding her discussions with plaintiffs' counsel in other cases against Jefferson Pilot.

Pursuant to L. Civ. R. 56(a)(3):

> . . . each denial in an opponent's Local Rule 56(a)(2) Statement, must be followed by a specific citation to (1) the affidavit of a witness competent

to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

Federal Rule of Civil Procedure 56(e) states, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . .

Attorney McMahon is not competent to testify at trial to the allegations in her affidavit because the evidence purportedly set forth in the affidavit is not admissible. The statements in Attorney McMahon's affidavit are unsubstantiated, not based on personal knowledge, and double hearsay. Therefore, the Court may not consider Attorney McMahon's Affidavit in support of Lane's Objection to Jefferson Pilot's Motion for Summary Judgment.

2.      On page five of his Objection, Lane cites three cases in support of his contention that a single incident of misrepresentation of false advertising is sufficient to state a claim under Connecticut General Statute § 38(a)–816(1). The cases that Lane cites involve Motions to Strike where the Court held that the pleadings were sufficient to sustain a claim under § 38(a)–816(1). As in those cases, Lane has also been given the opportunity to gather evidence to support his § 38(a)-816(1) allegation. In this case, he has been unable to do so and Jefferson Pilot should now be granted summary judgment.

- 2 -

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Def's Reply Regarding MSJ.doc
3/23/04 1:28 PM

*LAW OFFICES* • *ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC*
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

3.  On page six of his Objection, Lane points the Court to a statement from the Securities Industry Association ("SIA") pamphlet for his Plan, which states "You are **completely** covered for any disability caused by mental or nervous conditions." (Emphasis as in original). He argues that this statement is evidence of misrepresentation under § 38(a)–816(1). This is incorrect. If Lane's alleged "illness" had qualified as a disability under the policy, it would have been **completely** covered just as a disability caused by a physiological condition.

4.  Also on page six in his Objection, Lane cites to page eight of the Trilogy Personal Income Specimen (the "Specimen") policy regarding comments explaining total disability… "a realistic definition. It is your choice whether or not to work in another occupation. The Own Occupation Rider liberalizes this definition." This is not applicable. It merely points out that if one is unable to perform the substantial and material duties of his *own* occupation, he is not required to work in another occupation in order to receive benefits. However, Lane fails to point the Court to page 15 of the Specimen which defines "Residual Disability" under the Residual Income Rider of the policy. Since Lane was never residually disabled within the policy definition, he did not satisfy the Elimination Period and the comments regarding "total disability" are inapplicable. In fact, at no time during his application for benefits did Lane ever claim to be totally disabled.

5.  Also on page six of his Objection, Lane quotes the Individual Income Disability Plan ("IDIP") pamphlet which elaborates on the "Own Occupation" nature of his policy:

- 3 -

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Def's Reply Regarding MSJ.doc
3/23/04 1:28 PM

*LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC*
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

> "Your policy contains a special feature that is designed to protect you against an accident or illness which causes a loss of your earnings while you continue to work in your occupation – even if you have completely recovered from your disability. The benefit will be proportionate to your loss of income and can be payable to age 65.

Lane takes this quote out of context as it applies to the following fact pattern:

> A bond salesman acquires a policy under the Plan and breaks his hip in a car accident. As a result of his injury, he is out of work for eight months. After rehabilitation, he completely recovers from his injury. However, his new earnings have been reduced by 50% because he was unable to effectively monitor his business while he was not at work. Under the circumstances the insurance carrier will pay 50% of his policy's total disability benefit and will continue to pay proportionate benefits as long as there is at least a 20% loss of earnings.

In this example, the insured has been residually disabled for over 180 days and, therefore, satisfied the Elimination Period. It is clear that this example does not apply in any way to Lane's claim for benefits. The salesman in this example was completely out of work for eight months. Lane never claimed to be out of work. Rather, he and his employer both stated that Lane continued to work his regularly scheduled hours.

In his Objection, Lane attempts to take isolated statements and use them out of context to argue that a factual dispute exists as to whether Jefferson Pilot violated § 38a-816(1). The three documents noted above (the SIA pamphlet, the Specimen, and the IDIP pamphlet) were given to

- 4 -

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Def's Reply Regarding MSJ.doc
3/23/04 1:28 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

Lane in full. When reading these materials in context, it is abundantly clear that Jefferson Pilot did not misrepresent or falsely advertise the benefits or terms of the policy.

WHEREFORE, for the foregoing reasons, the defendant, Jefferson Pilot, respectfully requests that the Court grants its Motion for Summary Judgment.

> THE DEFENDANT, JEFFERSON PILOT
> FINANCIAL INSURANCE COMPANY
>
> By: _____
> Pamela Levin Cameron
> Federal Bar No. ct22659
> Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
> CityPlace I, 22nd Floor
> 185 Asylum Street
> Hartford, CT 06103-3460
> Telephone No.: 860-278-7480
> Fax No.: 860-278-2179
> E-mail: pcameron@roginlaw.com

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Def's Reply Regarding MSJ.doc
3/23/04 1:28 PM

LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

## CERTIFICATION

    This is to certify that a copy of the foregoing has been mailed on this 23rd day of March, 2004 to the following:

Robert M. Fleischer, Esq.
Gerry A. McMahon, Esq.
Jacobs Partners, LLC
Merritt View
383 Main Avenue
Norwalk, CT  06851

                                                                  */s/ Pamela Levin Cameron*
                                                                    Pamela Levin Cameron

\\Caplan\Documents\Public\LWise\Jefferson Pilot Financial\Lane, John D\Pleadings\Def's Reply Regarding MSJ.doc
3/23/04 1:28 PM

*LAW OFFICES • ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC*
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793