UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
JOHN D. LANE,                  :
                               :
     Plaintiff,                :
                               :
v.                             :   Civ. No. 3:02CV01038(AWT)
                               :
JEFFERSON PILOT FINANCIAL      :
INSURANCE COMPANY,             :
                               :
     Defendant.                :
                               :
-------------------------------x
```

**MEMORANDUM OF DECISION**

The defendant moves for summary judgment on the Fifth and Sixth Claims for Relief. For the reasons set forth below, the defendant's motion is being granted.

The Complaint contains four claims. The first claim is a claim for breach of contract (First Claim for Relief). The second claim is a claim for breach of the implied covenant of good faith and fair dealing (Second Claim for Relief). The third claim is a claim for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. ("CUTPA") (Fifth Claim for Relief). The fourth claim is for violation of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. § 38a-815 et seq. ("CUIPA") (Sixth Claim for Relief).

The plaintiff withdraws the Fifth Claim for Relief. See Plaintiff's Memorandum of Law and Points of Authority in

Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Memorandum") (Doc. No. 75), at 10.  Therefore, summary judgment is being granted in favor of the defendant with respect to this claim.

There are three components to the Sixth Claim for Relief, i.e. the plaintiff's CUIPA claim.  The first portion of that claim is set forth in ¶ 59(a) of the Complaint, and it is brought pursuant to Conn. Gen. Stat. § 38a-816(1), which provides in relevant part that this statute is violated by "[m]aking, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) [m]isrepresents the benefits, advantages, conditions or terms of any insurance policy."  Conn. Gen. Stat. § 38a-816(1)(a).  The plaintiff argues that a combination of three parts of the defendant's advertising materials would "lead any reasonable person considering the purchase of the Defendant's disability insurance product to conclude that the determinative factor of the insured's entitlement to benefits for disability arising from a mental condition is the extent to which the illness resulted in <u>lost earnings</u>."  (Plaintiff's Memorandum, at 6) (emphasis in original).  However, the plaintiff simply takes language from those advertising materials out of context for purposes of this argument.

2

The plaintiff first points to language on page 7 of the SIA Pamphlet, but there is nothing in the language pointed to by the plaintiff that suggests "the determinative factor" is whether there is a loss of earnings.

The plaintiff next points to language on page 5 of the IDIP Pamphlet. The plaintiff quotes introductory language, but ignores the two examples provided immediately following that language. Both examples provide that the individual covered by the policy has been out of work for a period of months.

Finally, the plaintiff points to page 8 of the pamphlet entitled "Trilogy Personal Income Specimen Policy," and he emphasizes language printed in the margin next to the definition of the term "Total Disability or totally disabled." The plaintiff simply ignores the fact that the only function of this marginal notation is to emphasize that it is the insured's decision whether or not to work in another occupation and this language has nothing to do with whether "the determinative factor" is lost earnings.

Therefore, the defendant is entitled to summary judgment with respect to this portion of the plaintiff's CUIPA claim.

The second portion of the plaintiff's CUIPA claim is set forth in ¶¶ 59(b)-(g) of the Complaint, and it is based on Conn. Gen. Stat. § 38a-816(6). Claims under this section must be based on conduct that is engaged in with such frequency as to

constitute a "general business practice." Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994); Anely v. Allstate Ins. Co. et al., No. CV980166413S, 2002 WL 173158 *10 (Conn. Super. Ct. Jan. 9, 2002). The affidavit of plaintiff's counsel does not serve to create a genuine issue of material fact because the affidavit is not based on personal knowledge of the affiant. See Fed. R. Civ. P. 56(e). Therefore, the defendant is entitled to summary judgment as to this portion of the plaintiff's CUIPA claim.

The final portion of the plaintiff's CUIPA claim is set forth in ¶ 59(h) of the Complaint, and it is based on Conn. Gen. Stat. § 38a-816(15). The plaintiff does not contest that this claim fails for the reason that the statutory provision is inapplicable here because it only applies to failure by an insurer to provide payment to a healthcare provider. See Conn. Gen. Stat. § 38a-816(15) (specifying that violations pertain to failure by an insurer to provide payment to a "health care provider pursuant to an insurance policy"). Therefore, the defendant is entitled to summary judgment as to this portion of the plaintiff's CUIPA claim.

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. No. 70) is hereby GRANTED. Judgment shall enter for the defendant with respect to the plaintiff's claims pursuant to the Connecticut Unfair Trade Practices Act (Fifth Claim for Relief) and the Connecticut Unfair Insurance Practices

Act (Sixth Claim for Relief).  The plaintiff's remaining claims are his breach of contract claim (First Claim for Relief) and his claim for breach of the implied covenant of good faith and fair dealing (Second Claim for Relief).

    It is so ordered.

    Dated this 30th day of August 2006, at Hartford, Connecticut.

                                 /s/AWT
                           Alvin W. Thompson
                      United States District Judge