**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
JOHN D. LANE,                :
                             :
     Plaintiff,              :
                             :
v.                           :   Civ. No. 3:02CV01038(AWT)
                             :
JEFFERSON PILOT FINANCIAL    :
INSURANCE COMPANY,           :
                             :
     Defendant.              :
                             :
-----------------------------x
```

<u>**ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

The plaintiff moves for summary judgment as to the defendant's Second, Third, Fourth, and Fifth Affirmative Defenses.  For the reasons set forth below, the Plaintiff's Motion For Partial Summary Judgment (Doc. No. 72) is hereby GRANTED.

The defendant withdraws its Fourth and Fifth Affirmative Defenses.  <u>See</u> Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendant's Opposition") (Doc. No. 77), at 2.  Accordingly, the plaintiff's motion for summary judgment as to those defenses is being granted.

Section 7.2 of the insurance policy contains an incontestability clause, which provides:

**7.2 Time Limit on Certain Defenses**
This policy shall be incontestable, except for nonpayment of premium, after it has been in force for two years from its Issue Date.

Under Connecticut law, health insurance policies delivered to anyone in the state must contain such a clause. See Conn. Gen. Stat. § 38a-483(a)(2). Furthermore, such clauses are strictly enforced. See Minnesota Mutual Life Ins. Co. v. Ricciardello, No. 3:96CV2387, 1997 WL 631027 *2 (D. Conn. Sept. 17, 1997). Incontestability clauses "are enforced with particularity by the courts because of the desirable purpose which they have." 1A John A. Appleman & Jean Appleman, Insurance Law & Practice 311 (1981). The plaintiff's insurance policy was issued on October 28, 1994. See Plaintiff's Memorandum of Law and Points of Authority in Support of Motion for Partial Summary Judgment ("Plaintiff's Memorandum") (Doc. No. 74), at 12. The plaintiff sought and was denied benefits under the policy in 2001, well beyond the two-year limitation period. (See Plaintiff's Memorandum, at 3).

Thus, even assuming arguendo that the plaintiff failed to disclose information concerning treatment he had received, the incontestability clause bars the defendant's assertion of the Second and Third Affirmative Defenses. Moreover, even assuming arguendo that the plaintiff materially misrepresented a preexisting condition and the other requirements in Part 4 of the policy are satisfied, the incontestability clause also bars the defendant's assertion of the Second and Third Affirmative

Defenses.[1]

Therefore, the plaintiff is entitled to summary judgment as to the defendant's Second and Third Affirmative Defenses.

It is so ordered.

Dated this 30th day of August 2006, at Hartford, Connecticut.

_____
/s/AWT
Alvin W. Thompson
United States District Judge

---

[1]The defendant points to <u>Minnesota Mutual</u>, 1997 WL 631027 at *3-*4, where a claim under the Connecticut Health Insurance Fraud Act, Conn. Gen. Stat. § 53-442, survived a motion to dismiss despite an incontestability clause.  (<u>See</u> Defendant's Opposition, at 13).  However, the defendant did not plead an affirmative defense pursuant to this statute.