UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

***********************************

JOHN D. LANE

v.                                Case No. 302CV1038 (AWT)

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY           January 22, 2007

***********************************

## MOTION IN LIMINE

### Introduction

Defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), hereby moves the Court for an Order precluding Plaintiff, John D. Lane ("Lane"), from introducing any evidence or making any argument to the jury (1) relating to the application or underwriting processes for Lane's disability policy with Jefferson Pilot (the "Policy") or (2) that Jefferson Pilot acted in bad faith in raising affirmative defenses in this lawsuit based on the Plaintiff's failure to disclose, in his application for the Policy, his prior diagnosis or treatment for depression. Defendant seeks to preclude these issues because they are both irrelevant and prejudicial.

**Argument**

    I.    <u>Evidence Relating to the Application or Underwriting Processes Is Irrelevant.</u>

As a result of this Court's decisions on the parties' cross motions for partial summary judgment, Lane has only two claims remaining against Jefferson Pilot: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Lane's claims are based solely on the alleged failures by Jefferson Pilot (a) to conduct a timely and reasonable investigation on his claim and (b) to pay Lane the insurance disability benefits allegedly due him under the Policy. Plaintiff's Complaint, ¶ 51.

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The parties have stipulated that the Policy was valid and in force at the time Lane made his claim for disability benefits. Therefore, the only issues to be resolved are whether Jefferson Pilot breached the terms of that Policy in denying Lane's claim and whether Jefferson Pilot breached the implied covenant of good faith and fair dealing. The application and underwriting processes that led to the formation of the insurance contract between Jefferson Pilot and Lane are irrelevant to the issues to be tried here. There is no dispute that a contract existed. The Policy was issued, and the Policy

- 2 -

W:\Public\EGreenspan\Jefferson Pilot Financial\Lane, John D\Trial\Lane v. JP Motion in Limine.doc

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

was in force at the time Lane submitted his claim to Jefferson Pilot. Plaintiff's case begins there. Prior history is irrelevant.

II.   Defendant's Affirmative Defenses Do Not Constitute Bad Faith.

Plaintiff has indicated in pre-trial conferences that he will argue that Defendant acted in bad faith when it raised affirmative defenses in this action, based on Plaintiff's failure to disclose earlier treatment or diagnosis of depression in his application for disability insurance. This Court, on Lane's motion for summary judgment, rejected those affirmative defenses as a matter of law because the Policy contained an "incontestability clause" and because the time to contest the Policy had passed. See August 30, 2006 Order re: Plaintiff's Motion for Partial Summary Judgment attached hereto as Exhibit A.

The Defendant had a right to raise its affirmative defenses to Plaintiff's claims. Even though the Court found that the affirmative defense did not apply, the Plaintiff should not have the opportunity to argue that, by raising these defenses, the Defendant acted in bad faith or breached the covenant of good faith and fair dealing.

Further, even if such evidence was somehow deemed to be relevant, the Court should still exclude this evidence pursuant to Federal Rule of Evidence 403, which states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

- 3 -

W:\Public\EGreenspan\Jefferson Pilot Financial\Lane, John D\Trial\Lane v. JP Motion in Limine.doc

*LAW OFFICES* • **ROGIN, NASSAU, CAPLAN, LASSMAN & HIRTLE, LLC**
CITYPLACE • HARTFORD, CONNECTICUT 06103-3460 • (860) 278-7480 • JURIS NO. 50793

undue delay, waste of time, or needless presentation of cumulative evidence." Permitting the Plaintiff to argue that the Defendant acted in bad faith by raising potential affirmative defenses would unfairly prejudice the Defendant because it would imply that the Defendant had ill-motives and intentions in denying benefits to the Plaintiff when the evidence is clear that Jefferson Pilot denied the Plaintiff's claim for benefits, and it was not based on Plaintiff's failure to disclose earlier treatment or diagnosis. Further, it would draw attention away from the real issues in the case: whether Jefferson Pilot properly determined that Lane failed to satisfy the Policy requirements for a Residual Disability during the Elimination Period. The jury should not be burdened to resolve the question of whether Lane did or did not disclose a pre-existing condition, or whether Jefferson Pilot acted in bad faith by raising the affirmative defenses.

### Conclusion

For the foregoing reasons, Lane should be precluded from introducing any evidence or making any argument to the jury (1) relating to the application or underwriting processes for Lane's disability policy, or (2) that Jefferson Pilot acted in bad faith by raising affirmative defenses related to Plaintiff's failure to disclose a pre-existing condition in the course of completing his application for the Policy.

**WHEREFORE,** for the foregoing reasons, the Defendant, Jefferson Pilot, respectfully requests that the court grant this Motion in Limine.

Defendant, Jefferson Pilot Financial
Insurance Company

By: _____
E. J. Robbin Greenspan [ct14788]
Rogin, Nassau, Caplan, Lassman
  & Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460
*Phone 860-278-7480 / Fax 860-278-2179*
egreenspan@roginlaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
JOHN D. LANE,                 :
                              :
     Plaintiff,               :
                              :
v.                            :  Civ. No. 3:02CV01038(AWT)
                              :
JEFFERSON PILOT FINANCIAL     :
INSURANCE COMPANY,            :
                              :
     Defendant.               :
                              :
------------------------------x

## ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff moves for summary judgment as to the defendant's Second, Third, Fourth, and Fifth Affirmative Defenses. For the reasons set forth below, the Plaintiff's Motion For Partial Summary Judgment (Doc. No. 72) is hereby GRANTED.

The defendant withdraws its Fourth and Fifth Affirmative Defenses. See Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendant's Opposition") (Doc. No. 77), at 2. Accordingly, the plaintiff's motion for summary judgment as to those defenses is being granted.

Section 7.2 of the insurance policy contains an incontestability clause, which provides:

> **7.2 Time Limit on Certain Defenses**
> This policy shall be incontestable, except for nonpayment of premium, after it has been in force for two years from its Issue Date.

Under Connecticut law, health insurance policies delivered to anyone in the state must contain such a clause. See Conn. Gen. Stat. § 38a-483(a)(2). Furthermore, such clauses are strictly enforced. See Minnesota Mutual Life Ins. Co. v. Ricciardello, No. 3:96CV2387, 1997 WL 631027 *2 (D. Conn. Sept. 17, 1997). Incontestability clauses "are enforced with particularity by the courts because of the desirable purpose which they have." 1A John A. Appleman & Jean Appleman, Insurance Law & Practice 311 (1981). The plaintiff's insurance policy was issued on October 28, 1994. See Plaintiff's Memorandum of Law and Points of Authority in Support of Motion for Partial Summary Judgment ("Plaintiff's Memorandum") (Doc. No. 74), at 12. The plaintiff sought and was denied benefits under the policy in 2001, well beyond the two-year limitation period. (See Plaintiff's Memorandum, at 3).

Thus, even assuming arguendo that the plaintiff failed to disclose information concerning treatment he had received, the incontestability clause bars the defendant's assertion of the Second and Third Affirmative Defenses. Moreover, even assuming arguendo that the plaintiff materially misrepresented a preexisting condition and the other requirements in Part 4 of the policy are satisfied, the incontestability clause also bars the defendant's assertion of the Second and Third Affirmative

2

Defenses.[1]

Therefore, the plaintiff is entitled to summary judgment as to the defendant's Second and Third Affirmative Defenses.

It is so ordered.

Dated this 30th day of August 2006, at Hartford, Connecticut.

                                                  /s/AWT
Alvin W. Thompson
United States District Judge

---

[1]The defendant points to Minnesota Mutual, 1997 WL 631027 at *3-*4, where a claim under the Connecticut Health Insurance Fraud Act, Conn. Gen. Stat. § 53-442, survived a motion to dismiss despite an incontestability clause. (See Defendant's Opposition, at 13). However, the defendant did not plead an affirmative defense pursuant to this statute.

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* :
:
JOHN D. LANE :
:
v. : Case No. 302CV1038 (AWT)
:
JEFFERSON PILOT FINANCIAL :
INSURANCE COMPANY : January 22, 2007
:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, a copy of the foregoing Motion in Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Mark R. Jacobs, Esq.
Robert M. Fleischer, Esq.
Jacobs Partners LLC
Merritt View
383 Main Avenue
Norwalk, CT  06851
*Phone 203-846-6622 / Fax 203-846-6621*
email mark.jacobs@jacobs-partners.com

                          Defendant, Jefferson Pilot Financial
                          Insurance Company

By: _____
                    E.J. Robbin Greenspan [ct14788]
                    Rogin, Nassau, Caplan, Lassman
                        & Hirtle, LLC
                    CityPlace I, 22nd Floor
                    185 Asylum Street
                    Hartford, CT 06103-3460
                    *Phone 860-278-7480 / Fax 860-278-2179*
                    egreenspan@roginlaw.com

W:\Public\EGreenspan\Jefferson Pilot Financial\Lane, John D\Trial\Lane v. JP Motion in Limine.doc