UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------X
                                                             :
JOHN D. LANE,                                                :
                                                             :
        Plaintiff,                                          : Case No.  3:02CV1038 (AWT)
                                                             :
  -v-                                                        :
                                                             :
JEFFERSON PILOT FINANCIAL                                    :
INSURANCE COMPANY,                                           :
                                                             :
        Defendant.                                          : January 22, 2007
-------------------------------------------------------------X

## JOINT TRIAL MEMORANDUM

    The plaintiff, John D. Lane (the "Plaintiff"), by his undersigned attorneys, and the defendant, Jefferson Pilot Financial Insurance Company (the "Defendant"), by its undersigned attorneys, in accordance with the Standing Order Regarding Trial Memoranda in Civil Cases and the Court's Trial Memorandum Order entered on November 7, 2006 (*Doc. No. 89*), as modified by the Order entered on November 14, 2006 (*Doc. No. 93*), hereby submit their Joint Trial Memorandum.

**1. TRIAL COUNSEL:**

    **(A). Plaintiff's Counsel:**
      Mark R. Jacobs (CT 12255)
      Robert M. Fleischer (CT 11960)
      Jacobs Partners LLC
      Merritt View
      383 Main Ave.
      Norwalk, CT 06851
      Tel: (203) 846-6622
      Fax: (203) 846-6621

    **(B). Defendants' Counsel:**
      E.J. Robbin Greenspan (ct14788)
      Matthew T. Wax-Krell (ct26905)
      Rogin, Nassau, Caplan, Lassman & Hirtle
      Cityplace I, 22nd Floor

       185 Asylum St.
       Hartford, CT 06103-3460
       Tel: (860) 278-7480
       Fax: (860) 278-2179

**2. JURISDICTION:**

Federal Jurisdiction (subject matter) over this case is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The Plaintiff is a citizen of the state of Connecticut and the Defendant is a corporation incorporated under the laws of a state other than the state of Connecticut and has its principal place of business in a state other than the state of Connecticut. The amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000). Facts pertinent to jurisdiction are not in dispute.

**3. JURY/NON-JURY:**

This is a jury case. Plaintiff had demanded in his complaint trial by jury on all issues that may properly be tried by a jury. The parties agree that Plaintiff's claim for a declaratory judgment is not an issue for the jury.

**4. NATURE OF CASE:**

This is an action based upon a contract for disability insurance (hereinafter the "Disability Policy") between the Plaintiff (as insured) and the Defendant (as the insurer). The Plaintiff seeks damages for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II) on account of the Defendant's denial of the Plaintiff's claim for benefits under the Disability Policy. Plaintiff's prayer for relief includes a request for a declaratory judgment that the Plaintiff is totally disabled within the meaning of the Disability Policy.

**5. STIPULATIONS OF FACT AND LAW:**

Attached hereto as Exhibit "A" is the parties' joint statement of uncontroverted facts.

**6. PLAINTIFF'S CONTENTIONS:**

The Plaintiff contends that he suffers from chronic debilitating depression which commenced subsequent to the issuance of the Disability Policy. Plaintiff contends that his income, throughout his entire career, was based strictly on the commissions and revenue generated by the business transactions that he successfully brought to completion. The Plaintiff contents that his depression prevented him from performing the substantial and material duties of his occupation as an investment banker and retail securities broker, which included. Plaintiff contends that his depression had a drastic effect on his income. Plaintiff contends that he is entitled to monthly benefits under the Disability Policy, and that the Defendant has wrongfully denied his claim for benefits. The Plaintiff contends that the bases and justification relied upon by the Defendant to deny the Plaintiff's claim for benefits are not consistent wit the terms of the Disability Policy. Specifically, the Defendant's position that the Plaintiff has failed to prove that his depression prevents him from performing the substantial and material duties of his profession ignores entirely the true nature of the Plaintiff's profession and the duties he must perform in order to earn income. Defendant takes an overly restrictive interpretation of the terms of the Disability Policy, which the Defendant, not the Plaintiff, drafted.

**7. DEFENDANTS' CONTENTIONS:**

Defendant properly denied Plaintiff's claim. Plaintiff did not satisfy the Policy requirements for a Residual Disability during the Elimination Period. Specifically, he

failed to demonstrate to Defendant that he was unable to perform one or more of the important duties of his occupation, or that he was unable to perform the important duties of his occupation for more than 80% of the time normally required to perform them.

**8. LEGAL ISSUES:**

Whether Defendant breached its contract with Plaintiff by denying his claim for disability insurance and whether Defendant breached the implied covenant of good faith and fair dealing contained in that contract by either failing to conduct a timely and reasonable investigation of Plaintiff's claim or by failing and refusing to pay Plaintiff under the Policy.

**9. VOIR DIRE QUESTIONS:**
**The Plaintiff requests the following voir dire questions:**

1. Do you know the Plaintiff, John D. Lane, or any members of his Family?

2. Are you familiar with the Defendant, Jefferson Pilot Financial Insurance Company?

3. Are you familiar with the Chubb insurance companies, including Chubb LifeAmerica?

4. Do you know the Judge in the case, or any of his clerks or staff members?

5. Do you know any of the lawyers involved in this case?

6. Are you familiar with either of the law firms involved in this case?

7. What is your current occupation?  How long?

8. Where were you employed before that?

9. What is your highest level of education?

10. Did you graduate from high School?

11. Did you attend collage?

12. If so, did you receive a degree?

13. Did you continue your education after collage?

14. Did you receive a degree?

15. Have you ever worked for an insurance company?

16. Have any of your family members ever worked for an insurance company?

17. Do you or any immediate family members own any stock or shares of Jefferson Pilot Corp.?

18. Do you or any immediate family members own any stock or shares of any insurance company? Which ones? How many shares? How long have you owned the shares?

19. Do you have a disability insurance policy?

20. Did you have one in the past?

21. If "yes" to either:

    How many policies have you had?

    Who is the insurance company?

    How long have you had the policy?

    Did you ever make a claim under the policy?

    What was the result of the claim?

    Did you believe the insurance company's handling of the claim was fair and reasonable?

22. What about your family members, do any of them have disability insurance?

23. Did they have disability insurance in the past?

24. If "yes" to either:

    Who? How is this person related to you?

    When?

      Do you know if they ever made a claim for disability benefits under the policy?

      Do you know the result?

      Do you have a view as to whether the insurance company's handling of the claim was fair and reasonable?

25.  Have you, or a close family member, ever made a claim for disability benefits to social security?

26.  If "yes":

      Who? When?

      What was the nature of the claimed disability?

      What was the outcome of that claim?

27.  Have you are any family members, or close friends, suffered from a mental illness of any kind, including, but not limited to, depression?

28.  If "yes"

      Who? How is this person related to you?

      When was this?

      What was the nature of the illness?

      How did it affect your/their occupation?

      Did you/he/she receive treatment? Was the treatment effective?

      Did you/they recover fully?  Substantially?

      If "yes": How long did it take before full or substantial recovery?

29.  Have you or any close family members ever done business with a Securities Broker or Investment Banker?

30.  If "yes":

      Who? How is that person related to you?

      Was there anything about your/her dealings with the securities broker or investment banker that impacts or effects your feelings or attitude about securities brokers, or investment bankers in a general sense?

31. Have you ever been called for jury duty before?

32. If "yes":

      Where and when was that?

      What kind of case was it?

      Did you actually hear the case and deliberate on a verdict?

      What was the outcome?

      How long did the case last?

      Did anything happen during your experience in that case that would affect you in deciding this case?

33. Have you ever been a party to a lawsuit?

34. If "yes":

      What were the circumstances of that case?

      Is that case still pending?

      How was it resolved?

      Would you be able to set aside your experience in that case and decide this case solely upon the evidence you hear in court?

35. Is there any reason why serving as a juror in this case would present a hardship to you?

36. Is there anything about this case that might prevent you from being fair and impartial?

**Defendant requests the following voir dire questions:**

    1.       Have you or someone close to you ever filed a disability insurance claim?

    2.       Have you or someone close to you ever been unable to work for any significant period of time due to illness or injury?

    3.       Have you or someone close to you ever filed a workers' compensation claim?

    4.       Have you or someone close to you ever had a dispute with an insurance company?

    5.       Have you or someone close to you ever been employed as a securities broker or investment banker?

**10. LIST OF WITNESSES:**

The parties designate the following witnesses expected to be called at trial. The order which witnesses are listed herein is in no way intended to indicate the order in which the parties expect to call the witnesses during trial.

    **(A). PLAINTIFF'S WITNESSES:**

        (1.)  **John D. Lane (Plaintiff)**
                263 Queens Grant Road
                Fairfield, CT 06430
                **Brief Statement of Anticipated Testimony:**
                The Plaintiff will testify as to the following subjects: (1) his career and business, including the nature of his business and profession, his employment history, his duties and responsibilities, and the manner in which he was paid compensation; (2) the fact and circumstances concerning his application for, and purchase of, the Disability Policy; (3)

the facts and circumstances concerning his depression and resulting disability, including the effects of his disability on his personal relationships, his career and his income, and his treatment; (4) the facts and circumstances concerning his application for benefits under the Disability Policy, including his various communications with the Defendant and its representatives about his claim for benefits; and (5) his damages resulting from the Defendant's failure to honor the Disability Policy.

(2) **William E. Schloth**
c/o Future Now, Inc.
2401 E. 23rd Street
Brooklyn, NY 11235
**Brief Statement of Anticipated Testimony:**
   Mr. Schloth, a founder and former principle of Summerset Financial Group (now part of V Finance, Inc.), a securities firm where the Plaintiff was employed during 2001 and thereafter, will testify as a fact witness as to the nature of the Plaintiff's business, including his duties and responsibilities, and the manner in which the Plaintiff was compensated; and about the Plaintiff's job performance.

(3) **Bert Diament, PhD.**
260 Riverside Ave.
Westport, CT 06880
**Brief Statement of Anticipated Testimony:**
   Dr. Diament, a licensed clinical psychologist, is expected to testify as a fact witness regarding his treatment of the Plaintiff for depression in 1999, 2000 and 2001, about the Plaintiff's progress while under his care,

and about his referral of the Plaintiff to Dr. Cyril Waynik for further treatment of Plaintiff's clinical depression.

(4) **Cyril Waynik, M.D.**
c/o Waynik Group
52 Beach Road
Fairfield, CT 06824
**Brief Statement of Anticipated Testimony:**
    Dr. Waynik, a board certified psychiatrist, is expected to testify at trial as both a fact and expert witness. Dr. Waynik will testify that the Plaintiff suffers from major depressive order (DSM-IV). He will testify about the severity and chronic nature of the Plaintiff's depression, about his treatment of the Plaintiff, and about his prognosis of the Plaintiff's condition. He will testify regarding his professional background, education and training. He will testify regarding his professional experience and his qualification to treat mental illness, including major depressive disorder. In addition, he will testify regarding his communications with the Defendant's agents about the Plaintiff's depression and the effects thereof in connection with Plaintiff's claim for benefits under the Disability Policy.

    Note: In December of 2002, the Plaintiff disclosed to the Defendant that he intended to call Dr. Waynik, his treating physician, to testify at trial as both a fact and expert witness. On January 28 2003, Defendant moved to preclude Dr. Waynik from testifying as an expert on the ground that the Plaintiff failed to provide an expert report in accordance with Fed. R. Civ. P. 26(a)(2)(B). Plaintiff opposed on the

ground that Plaintiff was not required to provide an expert report from Dr. Waynik because Dr. Waynik was not "retained or specially employed to provide expert testimony." On April 16, 2003, following a hearing on the Defendants' motion to preclude Dr. Waynik from testifying as an expert, the Court denied Defendant's motion to preclude Dr. Waynik from testifying as an expert. Although Dr. Waynik did not prepare an expert report, the Defendants were provided with authorization to obtain all of Dr. Waynik's records concerning the Plaintiff.

**Defendant's Objection**: Defendant objects to the extent Plaintiff expects Dr. Waynick to testify on the issue of whether Plaintiff's depression constituted a disability under the terms of the disability policy.

**(B). DEFENDANTS' WITNESSES:**

Defendant may call the following witnesses at trial.

**(1)    Dr. Lawrence Price, M.D.
Department of Psychiatry & Human Behavior
Brown University School of Medicine
Director of Research and Clinical Director
Butler Hospital
345 Blackstone Boulevard
Providence, RI 02906**

Dr. Price is expected to testify as an expert witness consistent with his report dated July 19, 2003. Dr. Price will testify about education, background, training and experience and qualifications as an expert witness. He will testify about his evaluation of Plaintiff including Plaintiff's presentation, medical history, psychiatric history and treatment, family history, personal and development history, demeanor, and mental status. Dr. Price is

expected to testify about his impression of Plaintiff's condition, including his opinion that, based on Plaintiff's primary subjective complaint of depressed mood, Plaintiff appears to be experiencing a mood disorder, but the precise nature of this condition is ambiguous. Dr. Price is further expected to testify that, based upon subjective reports from Plaintiff, APA DSM-IV-TR criteria for a diagnosis of dysthymic disorder would appear to be met, but that this condition is a relatively mild form of chronic depressive illness that is not disabling. Dr. Price is further expected to testify that there is no objective evidence to indicate a severity of illness that would be considered disabling. Dr. Price is expected to testify about the absence of certain expected symptoms which he would expect to appear in connection with a disabling illness. Dr. Price is further expected to testify that Plaintiff's degree of involvement in pleasurable activities is incompatible with a depressive syndrome of sufficient severity to be considered disabling. Dr. Price is also expected to testify that Plaintiff does not appear to be disabled under the terms of the Policy at issue in this case as a result of his psychiatric condition. Dr. Price may testify live or through deposition testimony (see Section 12 below). A copy of Dr. Price's curriculum vitae is attached as Exhibit "B."

    **(2)**     **Chudozie Okongwu, Ph.D, S.B.**
                      **National Economic Research Associates, Inc.**
                      **1166 Avenue of the Americas**
                      **New York, NY 10036**

Dr. Okongwu is expected to testify as an expert witness consistent with his expert report dated October 31, 2003. Dr. Okongwu will testify about his education, background, training and experience and qualifications as an expert witness. He will testify about the changes in the public markets for common stock during the period between January 1999

and December 2002. He will discuss (1) how the number of initial public offerings ("IPOs") of common stock on U.S. public markets changed over the period from January 1999 to December 2002, (2) how the aggregate dollar value of IPOs of common stock on U.S. public markets changed over the period from January 1999 to December 2002, (3) how the number of secondary stock offerings on U.S. public markets changed over the period from January 1999 to December 2002, and (4) how the aggregate dollar value of secondary stock offerings on U.S. public markets changed over the period from January 1999 to December 2002. He is expected to testify that (1) the number of IPOs of common stock on U.S. public markets declined by 70% between 1999 and 2002, (2) the dollar value of IPOs of common stock on U.S. public markets declined by more than 56% between 1999 and 2002, and compared to the value of such transactions in 2000, the value of IPO transactions in 2002 declined by 59%, and (3) while their number barely decreased from 1999 to 2002, the value of secondary stock offerings on U.S. public markets declined by 24% during that period, compared to its peak in 2000, the value of these offerings declined by 45% in 2002. Dr. Okongwu is expected to testify about the materials and data he reviewed and the analyses he applied to reach those conclusions. A copy of Dr. Okongwu's curriculum vitae is attached hereto as Exhibit "C".

**(3)**     **Terry Ross**
            **One Granite Place**
            **Concord, NH 03301**

Ms. Ross, employed by the Defendant as a Disability Claims Examiner, is expected to testify about the processing of Plaintiff's claim, the investigation of the claim, and Defendant's decision to deny the claim.

**(4)**     **Norman Carrier**

>   **One Granite Place**
>   **Concord, NH 03301**

Mr. Carrier, employed by Defendant as a Disability Claims Examiner and a Technical Consultant during the relevant times, is expected to testify about the terms and conditions of the disability policy purchased by Plaintiff, the processing of Plaintiff's claim, the investigation of the claim, and Defendant's decision to deny the claim. Mr. Carrier is also expected to testify about the policies of Defendant relating to the investigation and payment or denial of claims.

>   **(5)   Jane Neidermyer**
>   **One Granite Place**
>   **Concord, NH 03301**

Ms. Neidermyer, employed by Defendant as Manager of Individual Disability Claims during the relevant times, is expected to testify about the terms and conditions of the disability policy purchased by Plaintiff, the processing of Plaintiff's claim, the investigation of the claim, and Defendant's decision to deny the claim. Ms. Neidermyer is also expected to testify about the policies of Defendant relating to the investigation and payment or denial of claims.

>   **(6)   John Vaccaro**
>   **17 Laurel Lake East**
>   **Weston, Connecticut**

Mr. Vaccaro is the chief executive officer of Westport Resources. He is expected to testify about his business and social relationship with Plaintiff, Plaintiff's work history, Plaintiff's demeanor and mental state and Plaintiff's ability to perform the important duties of his profession. Mr. Vaccaro is expected to testify about his experience with Plaintiff at Sperber Adams and at Westport Resources. John Vaccaro may testify live or through deposition testimony (see section 12 below).

    **(7)**    **John Lane (Plaintiff)**
                **263 Queens Grant Road**
                **Fairfield, CT 06430**

John Lane, Plaintiff in this matter, is expected to testify about the following (1) his contacts with Defendant regarding claims under his disability policy, (2) his employment history, (3) the state of his mental health during the relevant time period, and (4) his family, social and business activities during the relevant time period.

**11. EXHIBITS:**

The parties have agreed that designation of a document as a trial exhibit by one party may be used by the other party and obviates the need for that other party to designate the document on its own list. Accordingly, any document appearing on either list may be used by either the Plaintiff or the Defendant regardless of whether it is actually utilized by the designating party. In addition, Defendant reserves its right to modify its proposed exhibit list as it is still awaiting production of documents from Plaintiff.

    **(A). PLAINTIFF'S EXHIBITS:**

        Attached as Exhibit "D" is the Plaintiff's exhibit list.

    **(B). DEFENDANTS' EXHIBITS:**

        Attached as Exhibit "E" is the Defendant's exhibit list.

**12. DEPOSITION TESTIMONY:**

Defendant expects the following witnesses to testify by deposition at trial:

A.    Regina Rosener

Defendant designates the following portions of Ms. Rosener's deposition testimony:

| 4:6-4:7 | 15:10-18:6 | 21:12-33:2 | 37:20-45:22 | 53:8-53:12 | 64:24-66:18 |
|---|---|---|---|---|---|
| 4:18-4:20 | 18:12-22:10 | 33:6-33:11 | 46:11-46:14 | 54:4-54:11 | 76:21-77:9 |
| 5:10-11:9 | 22:15-22:18 | 34:5-34:9 | 46:22-49:4 | 54:16-56:8 | |
| 12:10-13:7 | 22:23-25:14 | 34:17-35:19 | 49:15-51:24 | 58:25-59:12 | |
| 13:19-14:22 | 25:24-32:1 | 36:19-37:8 | 52:5-52:19 | 61:19-64:9 | |

      B.      Tony Petrelli

Defendant designates the following portions of Mr. Petrelli's deposition testimony:

| 12:14-13:12 | 50:25-52:19 | 98:24-101:14 |
|---|---|---|
| 13:20-13:25 | 52:24-53:10 | 103:12-104:22 |
| 14:13-18:5 | 54:16-55:12 | 108:10-108:17 |
| 21:15-24:23 | 60:16-61:12 | 112:7-113:7 |
| 26:1-42:6 | 76:9-77:25 | 114:8-116:3 |
| 42:21-49:7 | 79:13-81:15 | |
| 49:13-50:15 | 82:9-88:8 | |

      C.      John Vaccaro

Defendant designates the following portions of Mr. Vaccaro's deposition testimony:

| 6:9-6:12 | 18:22-20:16 | 28:17-31:8 | 41:17-42:20 |
|---|---|---|---|
| 6:17-9:6 | 21:10-24:21 | 31:22-32:21 | 43:18-45:24 |
| 10:10-16:22 | 25:5-25:10 | 34:9-35:12 | 47:20-48:12 |
| 17:6-17:23 | 26:11-28:4 | 35:22-36:20 | |

      D.      Dr. Lawrence Price, M.D.

Defendant designates the following portions of Dr. Price's deposition testimony in the event that he does not testify live at trial:

| 3:4-3:7 | 20:18-21:24 | 65:15-65:21 | 86:3-86:6 | 118:4-119:3 |
|---|---|---|---|---|
| 3:11-3:23 | 24:23-25:7 | 66:13-67:21 | 86:13-89:12 | |
| 5:12-5:18 | 55:2-55:24 | 68:5-68:18 | 89:24 | |
| 7:14-8:3 | 57:3-58:4 | 69:6-69:24 | 94:1-95:6 | |
| 10:15-10:24 | 58:23-59:2 | 70:10-73:10 | 96:6-97:6 | |
| 15:3-15:12 | 59:15-60:3 | 73:13-75:7 | 97:16-100:9 | |
| 17:1-17:7 | 60:18-60:24 | 77:10-77:21 | 100:16-102:17 | |
| 17:14-17:18 | 61:16-61:24 | 79:1-79:24 | 103:3-104:22 | |
| 18:23-19:17 | 64:20-65:10 | 85:12-85:23 | 108:20-109:10 | |

16

The Plaintiff reserves the right to object to any of the foregoing deposition designations on the ground that the testimony is inadmissible under the Federal Rules of Evidence. In addition, the Plaintiff reserves the right to designate deposition testimony to be used in rebuttal.

**13. REQUESTS FOR JURY INSTRUCTIONS:**

The parties' proposed jury instructions, with objections noted thereon, are attached as Exhibit "F."

**14. ANTICIPATED EVIDENTIARY PROBLEMS:**

Defendant's motion in limine is attached is attached as Exhibit "G," and the exhibit referred to in said motion in limine is attached hereto as Exhibit "H."

**15. PROPOSED FINDINGS AND CONCLUSIONS:**

Jury Case - N/A.

**16. TRIAL TIME:**

The parties estimate that trial of this case will take between three and five days.

**17. FURTHER PROCEEDINGS:**

Plaintiff anticipates filing a motion for leave to amend his complaint. The Plaintiff anticipates that said motion will be filed and served by January 24, 2007. Defendant did not learn that Plaintiff expected to file a motion to amend until this evening and, therefore, has not had the opportunity to evaluate its position on Plaintiff's motion to amend. Therefore, Defendant reserves its right to object within a reasonable time after the motion has been filed.

**18. ELECTION FOR TRIAL BY MAGISTRATE:**

 The parties do not agree or consent to trial of this case by Magistrate.

        The Plaintiff,
        JOHN D. LANE
        By his attorneys,
        JACOBS PARTNERS LLC


      By: ___/s/ Robert M. Fleischer
        Mark R. Jacobs (CT12255)
        Robert M. Fleischer (CT11960)
        Merritt View
        383 Main Avenue
        Norwalk, CT 06851
        Tel: (203) 846-6622

 -AND-

        The Defendant,
        JEFFERSON PILOT FINANCIAL
        COMPANY
        By its attorneys,
        ROGIN, NASSAU, CAPLAN, LASSMAN
        & HIRTLE, LLC


      By: /s/ Elizabeth Robbin Greenspan
        E.J. Robbin Greenspan (ct14788)
        Matthew T. Wax-Krell (ct26905)
        Cityplace I, 22nd Floor
        185 Asylum St.
        Hartford, CT 06103-3460
        Tel: (860) 278-7480

**Certification of Service**

    The undersigned hereby certifies that on January 22, 2007, a copy of the foregoing Joint Trial Memorandum, with all Exhibits thereto, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                /s/ Robert M. Fleischer

                                Robert M. Fleischer (CT 11960)
                                Jacobs Partners LLC
                                Merritt View
                                383 Main Ave.
                                Norwalk, CT 06851
                                Tel: (203) 846-6622
                                Fax: (203) 846-6621
                                E-mail: robert.fleischer@jacobs-partners.com