UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
:
JOHN D. LANE,                                               :
                                                            :
        Plaintiff,                                          : Case No. 3:02CV1038 (AWT)
                                                            :
  -v-                                                       :
                                                            :
JEFFERSON PILOT FINANCIAL                                   :
INSURANCE COMPANY,                                          :
                                                            :
        Defendant.                                          : January 22, 2007
------------------------------------------------------------X

## STATEMENT OF UNCONTROVERTED FACTS

1. In 1994, the plaintiff John Lane (alternatively the "Plaintiff" or "Mr. Lane.") was a securities broker and investment banker.

2. Throughout his career as securities broker and an investment banker, the Plaintiff was compensated on a commission basis, and not on straight salary.

**Issuance of Disability Policy:**

3. On October 28, 1994, Chubb issued a Disability Income Policy to the Plaintiff, which policy is designated as Policy No. 009002259 (the "Policy"). The Policy includes an "Own Occupation Rider" as well as a "Residual Income Rider with Recovery Benefit." Further, the Policy includes a provision for automatic benefit increase, in accordance with the terms of the Policy schedule affixed to the Policy.

4. In 1998, Jefferson-Pilot Corporation, the parent company to the Defendant, purchased Chubb. Thereafter, the Defendant executed a "Name Change Endorsement" to the Policy, which became effective on May 1, 1998. Pursuant to the Name Change Endorsement, the Defendant effectively replaced Chubb on the Policy for all purposes.

**Plaintiff's Application for Benefits:**

5. On May 16, 2001, the Plaintiff telephoned the Defendant to inform the

Defendant that he wished to file a claim for disability benefits under the Policy.

    6.    On May 21, 2001, the Defendant sent a letter to the Plaintiff acknowledging his phone call of May 16, 2001 and providing him with a Notice of Claim Form and Attending Physician's Statement.

    7.    On May 25, 2001, the Plaintiff filled out the Claim Form provided to him by the Defendant, which he then sent to the Defendant.

    8.    On June 8, 2001, the Defendant wrote to the Plaintiff and acknowledged receipt of his completed Notice of Claim Form, and requested additional information from the Plaintiff.

    9.    On June 8, 2001, the Defendant sent a questionnaire to the Plaintiff pertaining to his claim for benefits under the Policy, which the Plaintiff filled out and executed on June 26, 2001, and which Defendant received on June 28, 2001.

    10.    On June 13, 2001, the Defendant wrote to the Plaintiff and acknowledged receipt of the attending physician's statement and reminded the Plaintiff that the Defendant was still waiting for other information it had requested of the Plaintiff.

    11.    On July 13, 2001, the Plaintiff sent the Defendant certain additional information pertaining to his claim, including his progress report and income documentation.

    12.    On July 13, 2001, a representative of KAS-PER Resources, Inc. ("KAS-PER"), at Defendant's request, interviewed the Plaintiff at his residence in Fairfield, Connecticut, in connection with Plaintiff's pending claim for benefits under the Disability Policy. On July 27, 2001, KAS-PER reported the results of its interview to the Defendant.

    13.    On July 31, 2001, the Defendant sent a letter to the Plaintiff acknowledging the Defendant's receipt of a progress report and tax returns, and requesting additional information.

    14.    On August 9, 2001, the Defendant wrote to the Plaintiff and requested further information pertaining to his claim for benefits under the Policy.

    15.    On August 15, 2001, the Defendant wrote to the Plaintiff and acknowledged

receipt of additional information, i.e. copies of 1996, 1998, 1999 and 2000 W-2 statements. Also on August 15, 2001, the Plaintiff wrote to the Defendant to provide additional information pertaining to his claim for benefits under the Policy. Defendant received this additional information on August 20, 2001.

16. On September 24, 2001, the Defendant sent a letter to the Plaintiff's then employer, Somerset Financial Group ("Somerset") requesting certain information about the Plaintiff. On or about October 23, 2001, William Schloth, CFO and owner of Somerset, provided the Defendant with the information that the Defendant requested.

17. Plaintiff wrote to the Defendant on November 5, 2001, regarding his pending claim.

18. On December 5, 2001, the Defendant sent the Plaintiff a letter stating "With the information currently available to us, (in accordance with your policy provisions), we are unable to consider your claim for residual disability benefits. We have no evidence that you have satisfied the definition of Residual Disability during the Elimination Period…Your claim remains closed."