**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** :
                                                        :
**JOHN D. LANE**                                        :
                                                        :
    **v.**                                              :    **Case No. 302CV1038 (AWT)**
                                                        :
**JEFFERSON PILOT FINANCIAL**                           :
**INSURANCE COMPANY**                                   :    **January 22, 2007**
                                                        :
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### <u>REQUEST TO CHARGE</u>

The Plaintiff, John D. Lane (alternatively the "Plaintiff" or "Lane"), and the Defendant

Jefferson Pilot Financial Insurance Company (alternatively the "Defendant" or "Jefferson Pilot"),

pursuant to the provisions of Rule 51(a) of the Federal Rules of Civil Procedure, each submit the

following instructions to the jury in this matter. Each party reserves the right to modify these

proposed requests or to submit additional requests for jury instructions depending on the evidence

admitted at trial and/or following evidentiary rulings by the Court.  To the extent that either party

objects to an instruction proposed by the other, such objection is noted immediately following

each specific request.

In addition to the standard or customary charge to the jury, [1] each party respectfully requests that the trial court charge the jury as follows:

**Plaintiff's Proposed  Jury Instructions:**

**I.  Burden of Proof (Based on FJPI § 101.41):**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**DEFENDANT'S OBJECTION:**     This instruction is incomplete and does not include any legal authority.  Defendant's proposed instruction on the burden of proof is set forth in Defendant's Proposed Jury Instructions below.

**II.  Direct and Circumstantial Evidence (Based on FJPI § 101.42):**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

---

[1] The Plaintiff and Jefferson Pilot each request and reserve the right to review and, as appropriate, submit proposed revisions and/or additions to the general jury instructions.

**DEFENDANT'S OBJECTION:**    This instruction is incomplete, confusing and does not include any legal authority.

### III. Credibility of Witnesses (Based on FJPI § 101.43):

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**DEFENDANT'S OBJECTION:**    This instruction is incomplete and does not include any legal authority.  Defendant's proposed instruction on witness credibility is set forth below.

### IV. Preponderance of the Evidence (Based on FJPI § 104.01

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when

considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**DEFENDANT'S OBJECTION:** This instruction is incomplete, does not adequately instruct the jury on the appropriate burden of proof and does not include any legal authority.  Defendant's proposed instruction on the burden of proof is set forth below.

**V.  "Direct" and "Circumstantial" Evidence--Defined (Based on FJPI § 104.05)**
Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or

circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**DEFENDANT'S OBJECTION:**     This instruction is incomplete, confusing, and does not include any legal authority.

### VI. "Inferences" Defined (Based on FJPI § 104.20)

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.  "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**DEFENDANT'S OBJECTION:**     This instruction is incomplete, confusing, and does not include any legal authority.

5

**VII.  Expert Witness (Based on FJPI § 104.40):**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**DEFENDANT'S OBJECTION:**     This instruction is incomplete, does not adequately instruct the jury on the appropriate standards for evaluating expert witness testimony and does not include any legal authority.  Defendant's proposed instruction on expert witness testimony is set forth below.

**VIII. Charts and Summaries (Based on FJPI § 104.50):**

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or

summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**IX. Discrepancies in Testimony (Based on FJPI § 105.01):**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each

witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**DEFENDANT'S OBJECTION:**     This instruction is incomplete and does not include any legal authority.  Defendant's proposed instruction on the credibility of witness testimony is set forth below.

**X.  Use of Depositions as Evidence (Based on FJPI § 105.02):**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The deposition testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath . Such deposition testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**DEFENDANT'S OBJECTION:**    This instruction is incomplete and does not include any legal authority.  Defendant's proposed instruction on the use of deposition testimony is set forth below.

## XI. BREACH OF CONTRACT CLAIM

### A.  Liability:

John Lane has asserted a claim for breach of contract. Specifically, Mr. Lane is claiming that Jefferson Pilot has breached the Disability Insurance Policy by failing to pay him disability benefits that he asserts he is entitled to receive.

A contract is a promise or set of promises, the breach of which the law gives a remedy. To be binding, a contract must include manifestation of mutual assent to the terms and conditions of a contract.  You are instructed that the Disability Insurance Policy was, and is, a valid, binding

contract between the Plaintiff and Jefferson Pilot. Therefore, you need only decide whether the Defendant has breached that contract by not complying with its terms.  The Disability Insurance Policy in question must be strictly construed against the Defendant because the language used was devised by the Defendant and any ambiguity in the terms of the Disability Insurance Policy must be resolved against the Defendant and in favor of the Plaintiff.  The language of the Disability Insurance Policy is to be construed as a layman would understand it and not according to the interpretation of sophisticated underwriters, and Mr. Lane's expectations, as the policy holder, should be protected as long as those expectations are reasonable from the layman's point of view. (See Hanson v. Ohio Cas. Ins. Co., 239 Conn. 537, 543-44 (1996); Shultz v. Hartford Insurance Company, 213 Conn. 696, 702 (1990); Roman v. Torres, 2004 WL 1966276 at * 1-2 (Conn.Super. 2004)).

The Disability Insurance Policy provides that a certain monthly sum was to be paid to the Plaintiff if he became disabled from his occupation.  The Disability Insurance Policy defines "total disability or totally disabled" to mean that due to injuries or sickness: (a) Plaintiff is not able to perform the substantial and material duties of his occupation; and (b) he is receiving care by a Physician which is appropriate for the condition. Jefferson Pilot will waive this latter requirement if his physician determines that continued care would be of no benefit to him.

P:\Clients\Lane,John\Trial Preparation\Final JTM Docs\Jury Charge Final.doc
1/22/07 5:43 PM

With respect to the first requirement, whether the Plaintiff is not able to perform the substantial and material duties of his occupation as a retail securities broker and investment banker, you are instructed that Lane must prove that he suffers from major depressive disorder, and that his depression has prevented him from performing the substantial and material duties of his occupation.   This type of disability insurance policy is typically referred to as an "own-occupation" disability insurance policy.  Therefore, you are also instructed that the Mr. Lane need not prove that he cannot work in some other area.  Mr. Lane need only prove that his disability was so sever that he has been unable to perform his occupation as a retail securities broker and investment banker.  You are also instructed that Mr. Lane is not required to prove that his disability arose in the course of his employment, or that it arose because of his employment. In other words, the cause of his disability is irrelevant.  He need only prove that he is disabled within the meaning of the Disability Insurance Policy.

If you find that Mr. Lane suffers, and has suffered over the period of his claim, major depressive disorder, and that such depression resulted in his being either unable to perform the substantial and material duties of his occupation, and that he was receiving care by a Physician appropriate for his condition, then you must find in favor of the Plaintiff. On the other hand, if you find that the Plaintiff does not suffer from depression, or that such depression has not resulted in

11

Mr. Lane's being unable to perform the substantial and material duties of his occupation as a retail securities broker and investment banker, then you must find in favor of the Defendant.

**DEFENDANT'S OBJECTION:**    Defendant agrees that the parties have stipulated that the disability policy was a binding contract.  However, this instruction is incomplete and does not accurately set forth the law regarding breach of contract.  This instruction is argumentative and states certain facts which may or may not be in evidence after trial.  Defendant's proposed instruction on breach of contract is set forth below.

**B.  Damages:**

Should you find that the Plaintiff is entitled to monthly disability benefits under the Disability Insurance Policy, then it is your duty to determine the amount of money that the Plaintiff is entitled to receive.  The Disability Insurance Policy provides a defined monthly disability benefit.  The policy contains a 180 day "elimination period" which means that the Plaintiff is not entitled to monthly benefits until after he has been disabled for 180 days, and it is your duty to determine when that elimination period was satisfied, and the number of months that have elapsed since the elimination period was satisfied and the total amount of monthly benefits which should have been paid to the Plaintiff.

P:\Clients\Lane,John\Trial Preparation\Final JTM Docs\Jury Charge Final.doc
1/22/07 5:43 PM

**DEFENDANT'S OBJECTION:**      This instruction is incomplete and Plaintiff does not cite any law in support of this instruction.  This instruction is argumentative and states certain facts which may or may not be in evidence after trial.  Furthermore, it is prejudicial to the Defendant and confusing to the jury to have separate damage instructions for breach of contract and for breach of the implied covenant of good faith and fair dealing.  Defendant's proposed instruction on damages (covering both breach of contract and breach of the implied covenant of good faith and fair dealing) is set forth below.

## XII.   BRECH OF COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

A.  **Liability:**

In addition to his breach of contract claim, in his second claim for relief, Mr. Lane asserts a claim for breach of the implied covenant of good faith and fair dealing. With respect to this claim, Mr. Lane claims that Jefferson Pilot unreasonably, improperly, and without justification, stalled and delayed its investigation and determination of the Plaintiff's claim. He also claims that Jefferson Pilot improperly, and without justification, failed and refused to pay the Plaintiff the monthly benefits due and owing to him under the Disability Insurance Policy.

Every insurance contract carries an implied covenant of good faith and fair dealing. (Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190 (1988)).   In the context of an insurance contract, the implied duty of good faith and fair dealing requires an insurance company to act

reasonably towards its insured.  Security from financial loss is a primary goal motivating the

purchase of insurance. That security flows from the express terms of the insurance policy.

However, the insured also is entitled to receive additional security knowing that he will be dealt

with fairly and in good faith. That security comes not from the express terms of the policy, bur

from the implied covenant of good faith and fair dealing. (See United Technologies Corp. v.

American Home Assurance Company, 118 F.Supp.2d (D.Conn. 2000) (quoting Deese v. State

Farm Mut. Auto. Ins. Co., 172 Ariz. 504, 508, 838 P.2d 1265 (1992))).

Your finding that Jefferson Pilot is liable to Mr. Lane under Mr. Lane's first claim, breach

of contract, does not mean that Jefferson Pilot violated the implied covenant of good faith and fair

dealing.  The Plaintiff must still must prove to you that Jefferson Pilot acted unreasonably in the

handling of his claim. Furthermore, your finding that Jefferson Pilot is not liable to the Plaintiff

for monthly disability payments does not mean that you cannot find that Jefferson Pilot is not

liable to Mr. Lane for breach of the implied covenant of good faith and fair dealing if you find

nonetheless that Jefferson Pilot did not act reasonably in its handling of Mr. Lane's claim.  The

duty of good faith and fair dealing is not triggered only when the insurance company is found

liable for benefits under the policy. Rather, it applies to all aspects of the parties' contractual

relationship. (See Id. )

Therefore, if you find that Jefferson Pilot did in fact act unreasonably with respect to its handling of the Plaintiff's claim, irregardless of whether or not Mr. Lane is in fact entitled to benefits as he claims, then you must find in favor of the Plaintiff on his claim for breach of he implied covenant of good faith and fair dealing.  On the other hand, if you find that the Defendant did not act unreasonably in the handling of Mr. Lane's claim, again, irregardless of whether or not Mr. Lane is in fact entitled to the monthly benefits he claims, then you must find in favor of Jefferson Pilot on the Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

**DEFENDANT'S OBJECTION:**    This instruction is incomplete and does not accurately set forth the law regarding breach of contract.  This instruction is argumentative and states certain facts which may or may not be in evidence after trial.  Defendant's proposed instruction on breach of the implied covenant of good faith and fair dealing is set forth below.

**B. Damages:**

Should you find that Jefferson Pilot breached the implied covenant of good faith and fair dealing, then it is your duty to determine the amount of money that the Plaintiff is entitled to receive.  The measure of damages for breach of the implied covenant of good faith and fair dealing is not necessarily the same as for breach of contract. You may also consider whether an award of punitive damages should also be made. (See Barry v. Posi-Seal Intern, Inc., 40 Conn.App. 577,

15

585-587 (1996) (noting that in allowing the recovery of punitive damages for breach of an insurance contract, as opposed to breach of "an ordinary commercial contract," the court is motivated by "policy considerations" that are particular to the relationship between the insurer and the insured.))  You should award the Plaintiff an amount that you, in your discretion, deem to be appropriate under the circumstances of this case.

**DEFENDANT'S OBJECTION:**     This instruction is incomplete and mis-states the law with respect to damages for breach of the implied covenant of good faith and fair dealing.  Plaintiff's complaint does not include a count alleging bad faith, and plaintiff's complaint does not contain any prayer for relief for punitive damages (except a specific claim for punitive damages under C.G.S. §42-110g(a), however summary judgment entered in Defendant's favor on the CUTPA count).  This instruction is argumentative and states certain facts which may or may not be in evidence after trial.  Furthermore, it is prejudicial to the Defendant and confusing to the jury to have separate damage instructions for breach of contract and for breach of the implied covenant of good faith and fair dealing.  Defendant's proposed instruction on damages (covering both breach of contract and breach of the implied covenant of good faith and fair dealing) is set forth below.

**Defendant's Proposed Jury Instructions:**

## I.    BURDEN OF PROOF

The plaintiff alleges in his complaint that the defendant breached a contract - the disability policy between the parties - and violated the implied covenant of good faith and fair dealing. The defendant, in its Answer, denies those claims.

In this case, the plaintiff bears the burden of proof on all issues. And that burden of proof never shifts to the defendant; plaintiff has a duty to prove to you the facts on which he relies. This burden remains with the plaintiff throughout the case and throughout your deliberations until you reach a verdict. Simply because the plaintiff has made claims against the defendant does not mean that things happened the way the plaintiff says or that the plaintiff is entitled to recover the damages he seeks. In order for the plaintiff to prevail in this case and to be entitled to damages under our legal system, the plaintiff must prove each element of his case. The defendant is not required to disprove the allegations made by the plaintiff.

As a general rule, the plaintiff is required to prove each element of his case and his claims for money damages by a fair preponderance of the evidence. What this means is that the evidence, when considered fairly and impartially, leads you as members of the jury to the reasonable belief that it is more probable than not that the fact or issue is true rather than false. You will take all of the evidence that is offered here, and consider the various circumstances which are involved; you

will weigh them and balance them, and then if you find that the evidence fairly weighs in favor of the plaintiff, the plaintiff will have proven the particular issue you have before you.  If, on the other hand, the evidence does not fairly weigh in his favor, if the better and weightier evidence does not seem to you to establish the plaintiff's position, then the plaintiff has failed in his duty to you to prove the facts upon which he relies.

What is important is the quality and weight of the evidence, not the quantity.  For example, the fact that one party has more witnesses or more documents than the other does not mean that that party has a preponderance of the evidence.

The burden of proof imposed by law upon the plaintiff requires that you remove from your consideration those claims that as are merely guesses or speculations.  You are not at liberty to surmise or speculate or guess as to the material facts in this case.  The plaintiff must prove each one of them to you by a fair preponderance of the evidence.  If you do not find that a fact or issue alleged by the plaintiff has been proven by a fair preponderance of the evidence, or you do not find it to have been proven at all, you are not to consider this fact or issue as proof in reaching your verdict.[2]

---

[2] Ferndale Dairy, Inc. v. Geiger, 167 Conn. 533, 538, 356 A.2d 91 (1975); Brodie v. Connecticut Co., 87 Conn. 363, 364, 87 A. 798 (1913); II D. Wright, Connecticut Jury Instructions, § 597 at 913-914 (2d ed. 1975); I D. Wright & J. Daly, Connecticut Jury Instructions, § 311 at 484-485 (3d ed. 1981).  Boehm v. Kish, 201 Conn. 385, 389, 517 A.2d 624 (1986); Palmieri v. Macero, 146 Conn. 705, 708, 155 A.2d 750 (1959).  Colin C. Tait, Tait & LaPlante's Handbook of Connecticut Evidence ("Tait & LaPlante") §§ 4.1.1, 4.2.1 (2d ed. 1988).

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the DefenDant's proposed charge as to burden of proof. The Defendant's proposed charge unfairly favors the Defendant and fails to reflect the proper burden on matters that may come up at trial as to which the Defendant, in fact, may bear the burden of proof.

## II.      OBJECTIONS BY COUNSEL

At various times throughout the trial counsel for the plaintiff and counsel for the defendant have made a number of objections to questions asked of witnesses.  You should have no resentment toward any of lawyers who raised such objections.  In the interest of justice and in their duty to represent their clients, they were fully entitled to raise these objections when they believed they were indicated.[3]

## III.     LAWYERS CONFERRING OUT OF HEARING OF THE JURY

Perhaps I should tell you that there has been occasion for the lawyers in this case to confer with this Court out of your hearing.  On occasion, the Court has excused you, the jury, from this room so that a point of law or objection that was offered might be urged or argued.  In such situations you, the jury, in no way are to feel slighted.  You are not to muse or venture on what

---

[3]  1 Wright & Ankerman, supra, § 12; Green v. Aetna, No. CV91-0391986S, Trial Tr. March 30, 1994 (Aurigemma, J.), at 69.

was being discussed.  In the interests of justice and to expedite a trial, it is perfectly proper that

conferences be held among counsel and the Court to determine, among other matters, what is

admissible and proper evidence to be presented to you, the jury.  Likewise you should have no

resentment toward the party who requested that you, the jury, be excused.  It serves to prevent the

jury from becoming confused on technical legal matters.  In short, you have been excused from

this room during the conduct of this case to avoid having you listen to arguments on questions of

law that concerned only counsel and the Court.[4]

## IV.     USE OF DEPOSITIONS IN TRIAL

There has been mention of, and testimony concerning, the role of depositions in the trial

process.  Our court rules, state statutes, and long and customary trial practice provide for a

procedure whereby parties and witnesses may be questioned prior to trial under oath in the

presence of a court reporter.  Each party has an opportunity to question the witnesses.

Depositions, as prior sworn testimony of the witness, may be used at trial to refresh the witness'

recollection as to prior facts.  Depositions may also be used to impeach the credibility of a witness,

where it appears that his or her testimony at trial differs from his or her prior testimony during a

deposition.[5]

## V.     CREDIBILITY

---

[4] 1 Wright & Ankerman, supra, §16, at 28.

You have the sole responsibility to determine the credibility of witnesses and the weight to be given to their testimony.  However, it is proper for me to make certain suggestions to you about these matters.

In weighing the testimony of a witness, you should consider the witness's appearance upon the stand; you should try to size up the witness; you should have in mind all those little circumstances which point to the witness's truthfulness or untruthfulness.  You should consider any possible bias or prejudice he/she may have, whether for or against either party; his/her interest or lack of interest, of whatever sort, in the outcome of the trial; his/her ability to observe facts correctly, to remember them and to relate them truly and accurately.

The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine.  Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind and scrutinize the whole testimony of that witness.  Thus if you find that there has been inaccuracy in one respect upon the part of a witness, remember it in judging the rest of his testimony, and give to it that weight which your own mind leads you to think it ought to have, and which you would attach to it in the ordinary affairs of life where anyone came to you in a matter and you found that in some particular he was inaccurate.  The testimony of a witness which is discredited in one aspect may

---

[5] Connecticut Practice Book, §§ 242-248; Tait & LaPlante, supra, § 2.3.2(a).

well be disbelieved in its entirety by the jury.  You may apply the maxim, "False in one, false in all."

Where a witness testifies to a particular fact and no other testimony contradicts that fact, you are still not bound to accept the uncontradicted fact as true.  You must still determine the credibility of the witness testifying to the fact in order to decide what weight or significance you will attach to his testimony.

If you believe the testimony of a single witness, you are entitled to found your verdict upon such testimony, even though the witness stands alone and his testimony is opposed to that of others.  It is the quality not the quantity of testimony that is important.  The weight of the evidence is not determined by the number of witnesses for or against any one proposition.[6]

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the Defendant's proposed charge as to credibility.  Plaintiff's objections with this charge include, but are not limited to, Defendant's proposed instructions regarding the maxim "False in one, false in other," and the final paragraph of the proposed charge. The requested charges are inappropriate.


**VI.    DISBELIEF OF TESTIMONY**

---

[6] I D. Wright & J. Daly, Connecticut Jury Instructions, § 15, at 23-25, § 310 at 484; § 317at 489; § 318 at 490; § 644(b) at 969-70 (3d ed. 1981); Raia v. Topehius, 165 Conn. 231, 234-35, 332 A.2d 93 (1973); Willametz v. Guida-Seibert Dairy Co., 157 Conn. 295, 296-301, 254 A.2d 473 (1968).

While it is your province to weigh the testimony of the witnesses, I need to caution you that if you reject testimony, you cannot conclude, without more, that the opposite is true.  Let me use an example of a case involving a stop light.  The plaintiff claims in his lawsuit that the stop light was red, but the only testimony is by the defendant who says the light was green.  If the jury disbelieves the defendant and rejects his testimony that the light was green, then the jury cannot, without more, find that the light was red.  There must be evidence presented by the plaintiff upon which the jury can make the finding.  Relying on the opposite of disbelieved testimony is improper.[7]

**PLAINTIFF'S OBJECTION:** The Plaintiff objects to the Defendant's proposed charge as to Disbelief of Testimony. This proposed charge, including the example stated therein, is unfairly weighted in favor of the Defendant. Plaintiff submits that no charge should be made as to "Disbelief of Testimony."

## VII.    TESTIMONY OF EXPERT WITNESS:  GENERAL

During the trial you heard the testimony of several persons who were described as expert witnesses.

A person's training and experiences may make him or her an expert in a particular field. The law allows that person to state an opinion here about matters in the field of his or her

---

[7] <u>Novak v. Anderson</u>, 178 Conn. 506, 508, 423 A.2d 147 (1979); <u>Edwards v. Grace Hosp. Soc'y</u>, 130 Conn. 568, 575,

expertise. Merely because an expert witness has expressed an opinion does not mean, however, that you must accept his or her opinion. The same as with any other witness, it is up to you to decide whether his or her background, training and experience is sufficient for him or her to give the opinion that you heard. You must also decide whether his or her opinions were based on sound reasons, judgment, and information.

### VIII.   SPECULATION NOT PERMITTED

The burden of proof imposed by law upon the plaintiff requires that you remove from your consideration such matters as are merely guesses or speculations. You are not allowed to speculate or guess as to the material facts of this case. They must be proven to you by a fair preponderance of the evidence. If it happens that the evidence as to any fact or issue is evenly balanced so that you cannot say that in inclines either one way or the other, there would be no fair preponderance of the evidence as to the fact or issue, and you would not find it to have been proven by the plaintiff.[8]

### IX.     CORPORATE STATUS MUST NOT BE A FACTOR IN YOUR DELIBERATIONS

In this action, the plaintiff has made a claim against Jefferson Pilot. In the eyes of the law, a corporation is a person that is to be given the same consideration as any other person who is

---

36 A.2d 273 (1944); Walkinshaw v. O'Brien, 130 Conn. 151, 153, 32 A.2d 639 (1943).

[8] Brodie v. Connecticut Co., 87 Conn. 363, 364, 87 A. 798 (1913); II D. Wright, Connecticut Jury Instructions, Sec. 597, pp. 913-14 (2d ed. 1975).

sued.  It is the pride of our system of law that our cases are not decided on the basis of whether the

parties are rich or poor, or whether they are corporations or individuals.[9]

## X.    FILING OF A LAWSUIT

Ladies and Gentlemen, I must remind you that the mere filing of a lawsuit containing

several allegations or claims against another person or against a corporation, is proof of nothing.

And you must not draw any inference from the fact that a lawsuit was filed.  To decide whether a

case has been proved in accordance with all of the requirements of law, you must look to the

evidence, for it is from the evidence that you must determine whether the plaintiff has or has not

proven his case.  Your verdict must be based absolutely and solely upon the evidence presented to

you during the trial of this case.[10]

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the Defendant's proposed charge as to

Filing of a Lawsuit in that it is unfairly weighted in favor of the Defendant.  If allowed, such a

charge should be made with a similar statement as to Defendant's filing of an Answer to the

Complaint.

## XI.    SYMPATHY MUST NOT BE A FACTOR IN THE DELIBERATIONS

---

[9] Gigliotti v. United Illuminating Co., 151 Conn. 114, 121, 193 A.2d 718 (1963); Green v. Aetna, No. CV91-0391986S, Trial Tr. March 30, 1994 (Aurigemma, J.), at 71.
[10] 1 Douglass B. Wright & William L. Ankerman, Connecticut Jury Instructions, § 312, at 5210 (4th ed. 1993).

Your verdict may not be based on any element of sympathy.  You should not find in favor of a party merely because you feel sorry because they sued or were sued.  Moreover, the question for you is not whether the plaintiff, in your view, was treated well or badly, but whether he has proven all of the elements of all of his legal claims, as I will outline them to you, by a fair preponderance of the evidence.[11]

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the Defendant's proposed charge as to sympathy.  This charge is unfairly weighted towards the Defendant, unnecessary and inappropriate.

## XII.    ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in a case.  As finders of fact, you as jurors are to judge solely the evidence presented to you and should not engage in speculation or conjecture about facts not in evidence.[12]

---

[11] 1 Wright & Ankerman, supra, § 312, at 510; Parcinski v. Outlet Co., 673 F.2d 34, 36 (2d Cir. 1982).
[12] 3 Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, Federal Jury Practice and Instructions: Civil § 73.11 (4th ed. 1987).

26

## XIII.  PLAINTIFF'S CLAIMS

### A.      Breach of Contract

In the First Count of the Complaint, the plaintiff seeks to recover damages for the defendant's claimed breach of contract.  In this case, the parties agree that they entered into a contract – the disability policy - but they disagree about whether the defendant performed its obligations under that contract.  When the parties disagree about whether a contract was breached, it is for you, ladies and gentlemen, to resolve this question of fact.  In order to do so, you must focus on the specific language actually used in the contract, rather than on what may have been in the minds of the parties.

A contract is to be construed as a whole, and all relevant provisions should be considered together.  In giving meaning to the terms of a contract, the intent of the contracting parties is most important.  You must determine the intention of the parties from the language used in the contract, interpreted in the light of the motives of the parties and the circumstances connected with the transaction.  The intent of the parties is to be ascertained by a fair and reasonable construction of the written words.  You must interpret contract language using its common, natural, and ordinary meaning and usage, where it can be sensibly applied to the subject matter of the contract.  Where the language of the contact is clear and unambiguous, the contract is to be given effect according to its terms.

27

In this case, the plaintiff alleges that Jefferson Pilot breached the contract with the plaintiff by denying his claim for disability insurance.

If you find either that the contract did not contain the terms that the plaintiff alleges were breached or that defendant Jefferson Pilot did not breach the terms of the contract, you must return a verdict in favor of the defendant.[13]

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the Defendant's proposed charge as to breach of contract. The proposed charge does not accurately and fully state the law applicable in this case. Plaintiff submits that Plaintiff's instruction as to liability on the breach of contract claim, above, more accurately and fully reflects the law to be considered by the jury.

**B.      Implied Covenant of Good Faith and Fair Dealing**

The plaintiff also claims that the defendant breached the implied duty of good faith and fair dealing in one of two ways.  Plaintiff claims Jefferson Pilot did not conduct a timely and reasonable investigation of his claim or that Jefferson Pilot breached that duty by not paying the plaintiff under the Policy.  Before addressing this claim, first you must have found that there was a valid and enforceable contract between the parties and that Jefferson Pilot breached its obligations

---

[13] <u>HLO Land Ownership Associates Ltd. Partnership v. City of Hartford</u>, 248 Conn. 350, 356-57, 727 A.2d 1260 (1999); <u>John M. Glover Agency v. RDB Bldg.</u>, 60 Conn. App. 640, 644-45, 760 A.2d 980 (2000); <u>Foley v. Huntington Co.</u>, 42 Conn. App. 712, 726, 682 A.2d 1026 (1996); <u>Ubysz v. DiPietro</u>, 185 Conn. 47, 51, 440 A.2d 830 (1981); <u>Lynch v. Davis</u>, 181 Conn. 434, 440-41, 435 A.2d 977 (1980); <u>Bridgeport Pipe Eng'g Co. v. DeMatteo</u>

under that contract.  Then, and only then, may you consider plaintiff's claim that Jefferson Pilot

breached an implied covenant of good faith and fair dealing.

A claim for breach of the implied covenant of good faith and fair dealing requires three

elements:  (1) two parties must engage in a contract which the plaintiff reasonably expects to

benefit; (2) the benefit is in some way injured by the other party's actions; and (3) these injurious

actions were the product of the defendant's bad faith.  Bad faith implies that one acts with a

sinister purpose in the commission of fraud, deception, neglect, or the refusal to fulfill a duty or

contractual obligation.[14]

Bad faith implies a design to mislead or deceive another, or the neglect or refusal to fulfill

a contractual obligation not prompted by an honest mistake as to one's rights or duties, but rather

by some interested or sinister motive.  Bad faith means more than just bad judgment or

negligence, but involves the conscious doing of a wrong because of a dishonest purpose.  Bad

faith contemplates a state of mind affirmatively operating with ill will.[15]

The plaintiff has the burden of proving to you by a preponderance of the evidence that

Jefferson Pilot acted in bad faith either by failing to conduct a timely and reasonable investigation

---

Constr. Co., 159 Conn. 242, 249, 268 A.2d 391 (1970); Hess v. Dumouchel Paper Co., 154 Conn. 343, 348-49, 225 A.2d 797 (1966).

[14] Owen v. Georgia-Pacific Corp., 389 F. Supp. 2d 382, 393 (D. Conn. 2005).

[15] Rand-Whitney Containerboard Ltd. P'ship v. Civ. Town of Mont., 289 F. Supp. 2d 62, 82 (D. Conn. 2003).

of his claim or by its failure to pay the plaintiff under the Policy.  Bad faith contemplates a state of mind affirmatively operating with ill will.  Based on this meaning that I have just provided to you, if you find that the plaintiff has met his burden to persuade you by a preponderance of the evidence that Jefferson Pilot engaged in bad faith in its performance [or enforcement] of the contract terms I have submitted to you, and that Jefferson Pilot's bad faith injured the right of the plaintiff to receive benefits of the contract, then you must find for plaintiff on this count, and then consider damages in accordance with instructions I will give you.  If, however, you find that the plaintiff failed to meet his burden, as I have described it to you, then you must return a verdict for the defendant, Jefferson Pilot.

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the Defendant's proposed charge as to breach of covenant of good faith and fair dealing. The proposed charge does not accurately and fully state the law applicable in this case. Plaintiff submits that Plaintiff's instruction as to liability on the breach of covenant of good faith and fair dealing claim, above, more accurately and fully reflects the law to be considered by the jury.

**C.      Damages**

Since the defendant must address the issue of damages or completely lose its opportunity to do so, none of the evidence or discussion relating to damages presented on the defendant's behalf should be taken or construed by you as an admission by Jefferson Pilot that it is liable or

that Mr. Lane is entitled to a damages award.  The fact that I am instructing you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages should only be considered in the event you find in favor of the plaintiff in accordance with the other instructions that I have given you.[16]

You must not speculate or guess as to damages and under no circumstances should you let your sympathy affect your consideration of the law and the evidence.  Likewise, it is not part of your function as jurors to punish the defendants or to be generous. It is the plaintiff's burden to prove each element and item of damage he claims; it is not the defendant's burden to disprove them.  Thus, unless you find that the plaintiff has proven each element and item of damage by a fair preponderance of the evidence, you must find for the defendant on that item of damage.[17]

If you find that Jefferson Pilot is liable for breach of contract or for breach of the implied duty of good faith and fair dealing, then you must determine the amount of money to award to Lane as contract damages.  The following instructions tell you how to do that.

It is the plaintiff's burden to prove each element of his damage claim with reasonable certainty; it is not the defendant's burden to disprove them.  Damages, if any, must be fair, just,

---

[16] 3 Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, <u>Federal Jury Practice and Instructions: Civil</u> § 74.02 (4th ed. 1987).

and reasonable, and nothing more.  The plaintiff must prove by a preponderance of the evidence the amount of any damages to be awarded.  The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty.  You must not award damages on the basis of guess, speculation, or conjecture, and under no circumstances should you let your sympathy affect your consideration of the law and the evidence.  Likewise, it is not your function as jurors to punish Jefferson Pilot or to be generous to the plaintiff.[18]

If the defendant is liable for breach of contract, then the plaintiff may recover contract damages that are designed solely to put Mr. Lane in the same financial position that he would have been in had his claim been paid.[19]

**PLAINTIFF'S OBJECTION:**   The Plaintiff objects to the Defendant's proposed charge as to damages. The proposed charge does not accurately and fully state the law applicable in this case. Plaintiff submits that Plaintiff's instruction as to damages, above, more accurately and fully reflects the law to be considered by the jury.

---

[17] Gigliotti v. United Illuminating Co., 151 Conn. 114, 127, 193 A.2d 718 (1963); Rosa v. American Oil Co., 129 Conn. 585, 590, 30 A.2d 385 (1943).
[18] Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48, 69 (1998); West Haven Sound Development Corp. v. West Haven, 207 Conn. 308, 317 (1988); Bronson & Townsend Co. v. Battistoni, 167 Conn. 321, 326-27 (1974); Bertozzi v. McCarthy, 164 Conn. 463, 468 (1973).

## XIV.  CONCLUSION

You are now to take this case with you to the jury room.  Determine the facts on the basis of the evidence, as you have heard it; apply the law as I have attempted to outline it to you; then render a verdict fairly, uprightly, and without a scintilla of prejudice either against the plaintiff or against Jefferson Pilot.

You must consider and determine this case as litigation between persons of equal standing in the community.  You should not be in any way influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation.  Such matters have no proper place in a case of this kind.  This case is to be considered and determined by you in the same unbiased way as you would consider and determine a case between two private individuals.

When you reach a verdict, it must be unanimous.  In other words, all jurors must agree before a verdict can be rendered.  It is the duty of each juror to discuss and consider the opinions of the other jurors.  Despite that, in the last analysis, it is your individual duty as an individual juror, to make up your own mind, and to decide this case upon the basis of your own individual judgment and conscience.

If, for any reason, you have a question about the verdict form or any or these instructions later in your deliberations, you shall notify the Marshal that you want to address a question to me.

---

[19] 1 Robert E. Kehoe, Jr., <u>Jury Instructions for Contract Cases</u> §9.11 at pp. 757 (1st ed. 1995)

P:\Clients\Lane,John\Trial Preparation\Final JTM Docs\Jury Charge Final.doc
1/22/07 5:43 PM

The best way to do that is to write the question on a piece of paper, give it to the Marshal and let him bring it to me.