UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------X
                                                              :
**JOHN D. LANE,**                                             :
                                                              :
       Plaintiff,            :   Case No.  3:02CV1038 (AWT)
                                                              :
  -v-                                                 :   ECF Case
                                                              :
**JEFFERSON PILOT FINANCIAL**                                 :
**INSURANCE COMPANY,**                                        :
                                                              :
       Defendant.            :   January 25, 2007
-------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

      The plaintiff, John D. Lane (the "Plaintiff"), by his undersigned attorneys, hereby submit this memorandum of law in support of his motion for leave, pursuant to Fed. R. Civ. P. 15(a), to file an amended complaint against defendant Jefferson Pilot Financial Insurance Company (the "Defendant").   In support whereof, the Plaintiff represents as follows:

## I. PRELIMINARY STATEMENT

      1.    This litigation arises out of a contract for disability insurance (hereinafter the "Policy") between the Plaintiff (as insured) and the Defendant (as the insurer).  The Plaintiff seeks damages for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II) on account of the Defendant's denial of the Plaintiff's claim for benefits under the Disability Policy.

      2.    Contemporaneously with this memorandum, the Plaintiff is filing a Motion for Leave to File Amended Complaint  (the "Motion").  By his Motion, the Plaintiff seeks leave of Court to amend his initial complaint (the "Complaint") in this case in order to: (1) change the allegation as to the first date that Plaintiff claims he was entitled  to receive disability benefits, from April 30, 2000 to September 30, 2001; (2) change the amount of the monthly benefit that Plaintiff alleges he is entitled to recover, from $19,662.00 to

21,038.34; (3) add allegations relating to the Plaintiff's right to recover premiums paid to the Defendant during his disability; (4) eliminate the third and fourth claims, CUTPA and CUTPA/CUIPA (in light of the Court's ruling on Defendants' Motion for Partial Summary Judgment); and (5) change the prayer for relief, to, *inter alia*, claim damages for monthly benefits through date of the trial of this case.  A proposed amended complaint is annexed to the Motion. The Plaintiff does not, by his Motion, seek to add any additional causes of action against the Defendant.

## II. PROCEDURAL BACKGROUND

3.     The Plaintiff commenced this action on June 17, 2002 in order to recover damages against the Defendant arising from its failure to honor the Policy and pay benefits to the Plaintiff.  The Plaintiff's complaint (the "Complaint") set forth four claims for relief: Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing, CUTPA and CUTPA/CUIPA.  In the Complaint, the Plaintiff demanded trial by jury.  On August 14, 2002, the Defendant filed an answer to the Complaint.  On or about March 14, 2003, the Defendant filed a motion and supporting memorandum (*doc nos. 19 and 20*) wherein the Defendant sought leave of the Court to amend its affirmative defenses.  On April 2, 2002 the Court granted the Defendant's motion to amend its affirmative defenses and Defendant filed its Amended Answer and Affirmative Defenses (the "Amended Answer"), (*doc. no. 21*).  The Amended Answer sets forth four additional affirmative defenses.

4.     On September 24, 2002, the Court entered an endorsement order approving the parties' joint planning report and set the discovery bar date to April 15, 2003.  The discovery deadline was extended several times, each time at the request of the Defendant.  Ultimately, discovery closed on December 31, 2003.

5.     On February 17, 2004, each side filed a motion for partial summary judgment. By his motion for partial summary judgment, the Plaintiff sought summary judgment as to the second through fifth affirmative defenses set forth in the Amended Answer.  By its motion for partial summary judgment, the Defendant sought judgment as

to the CUTPA and CUTPA/CUIPA claims set forth in the Complaint. On August 30, 2006, the Court entered orders granting each parties' motion for partial summary judgment.

6. On November 7, 2006, the Court entered a Trial Memorandum Order, pursuant to which the parties were directed to submit a joint trial memorandum by December 7, 2006. The due date was later extended by the Court, at the request of the parties, to January 22, 2007. The parties submitted a Joint Trial Memorandum on January 22, 2007 as ordered. The Court has not yet set a trial date for this case.

7. On December 22, 2006, the parties (counsel and clients) participated in a mediation conference before James R. Hawkins, a para-judicial officer of the Court. The parties were not able to resolve this litigation during the conference.

### III.  RELIEF REQUESTED

8. By the Motion, the Plaintiffs request leave to file an amended complaint, substantially in accordance with the proposed amended complaint attached as Exhibit "A" to the Motion. This is the Plaintiff's first motion for leave to amend his Complaint in this case. The proposed amendments to the Complaint do not include any new causes of action against the Defendant.

### IV.  ARGUMENT

9. Amendments to pleadings are governed by Federal Rule of Civil Procedure 15.  Rule 15(a) provides:

> (a) **Amendments**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave to amend shall be free given when justice so requires. A party shall plead in response to an amended pleading with the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court orders otherwise.

Fed. R. Civ . P. 15(a).

10. The decision to allow or disallow an amendment pursuant to Rule 15(a) rests with the broad discretion of the trial court, and the exercise of that discretion depends upon many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (citing Foman v. Davis, 371 U.S. 178 (1962)).

11. It is well established that leave to amend a complaint is liberally granted. Concerned Citizens of Bell Haven v. The Belle Haven Club, 2002 WL 32124959 at *3, No. 3:99-CV-1467 (D. Conn., Oct. 25, 2002). The policy of favoring liberal amendments ensures the determination of claim on their merits rather than on technicalities. See Shade v. Housing Auth. of the City of New Haven, 1998 WL 351473 at * 1, No. 3:94-CV-00774; (D. Conn. June 12, 1998).

12. The Plaintiff's request for leave to amend the Complaint was not unduly delayed. To the extent that the Plaintiff seeks to amend the Complaint to alter the start date on which the Plaintiff alleges he was entitled to begin receiving monthly disability benefits, the determination to seek that amendment was the result of further analysis of the Plaintiff's claims following the mediation conference that took place on December 22, 2006. During that conference, the Defendant, for the first time during this case, expressed its view regarding the Plaintiff's claim as to the start date of monthly benefits. That, in turn, led the Plaintiff to review that particular aspect of his claim. This amendment has the result of reducing the total amount of the Plaintiff's claim.

13. With respect to the amendment to change the amount of the monthly benefit sought, the benefit amount is, pursuant to the terms of the Policy, directly related to the

date the period of disability begins. Consequently, the amendment of the benefit amount is interrelated to the amendment regarding the start date for benefits.

14. Moreover, the Defendant will not suffer any prejudice as a result of these changes insofar as the aggregate effect of amending the start date and the monthly benefit amount sought will actually reduces the total amount of the Plaintiff's claim and the Defendant's liability.

15. The proposed amendment to add allegations regarding the Plaintiff's rights under the Policy's "Waiver of Premium" provision (section 2.5) will cause no prejudice to the Defendant. First, the Defendant is fully aware of the existence of this express provision in the Policy (there is no dispute that the Defendant drafted the Policy). Furthermore, the Defendant is fully aware of the premiums it collected from the Plaintiff while he was claiming disability benefits, including the premiums it billed for and collected subsequent to the commencement of this action. This amendment, if allowed, will not require further discovery by either party.

16. The proposed amendment to change the prayer for relief to reflect that Plaintiff seeks damages for unpaid monthly benefits through the date of trial simply clarifies that the amount that the Plaintiff seeks to recover increases with each month that goes by while the Plaintiff is disabled, including the months that have passed while the case has been pending. The clarification is required due to the amount of time that has elapsed since the complaint was filed. This amendment, however, does not actually reflect any change in what the Plaintiff is seeking. Indeed, the prayer for relief in the Complaint includes a request for a declaratory judgment that the Plaintiff is totally disabled and entitled to benefits under the Policy. The declaratory judgment would certainly pertain to the Plaintiff's rights to recover monthly benefits on a forward going basis.

## V. CONCLUSION

17. Rule 15(a) provides that leave to file amended pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under certain circumstances, such

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment ..." a proposed amendment may properly be denied. Foman v. Davis, 371 U.S. 178, 182 (1962). None of these circumstances exist here. Accordingly, for all the foregoing reasons, the Court should grant Plaintiffs' request for leave to amend the Complaint in accordance with the proposed amended complaint annexed as Exhibit "A" to the Motion.

Dated: Norwalk, Connecticut
       January 25, 2007

                THE PLAINTIFFS,
                By their attorneys,
                JACOBS PARTNES, LLC,


                By: /s/ Robert M. Fleischer_____
                Mark R. Jacobs (CT 12255)
                Robert M. Fleischer  (CT 11960)
                Merritt View
                383 Main Avenue
                Norwalk, Connecticut 06851
                Phone: (203) 846-6622
                Fax: (203) 846-6621

**Certification of Service**

The undersigned hereby certifies that on January 25, 2007, a copy of the foregoing Plaintiffs' Motion for Leave to File Amended Complaint Against Defendant Jefferson Pilot Financial Insurance Company was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Robert M. Fleischer
Robert M. Fleischer (CT 11960)
Jacobs Partners LLC
Merritt View
383 Main Ave.
Norwalk, CT 06851
Tel: (203) 846-6622
Fax: (203) 846-6621
E-mail: robert.fleischer@jacobs-partners.com