UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************************  :
                                              :
JOHN D. LANE                                  :
                                              :
    v.                                        :    Case No. 302CV1038 (AWT)
                                              :
JEFFERSON PILOT FINANCIAL                     :
INSURANCE COMPANY                             :    FEBRUARY 15, 2007
                                              :
*******************************************

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

The defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") submits this Objection to Plaintiff's Motion for Leave to Amend Complaint dated January 25, 2007. Jefferson Pilot objects to Plaintiff's attempt – three years after the close of discovery – to seek punitive damages. In support of this Objection, Jefferson Pilot states as follows:

**BACKGROUND**

1.   Plaintiff John D. Lane ("Lane") commenced this action against Jefferson Pilot by complaint filed June 17, 2002. Pursuant to the Order on Pretrial Deadlines filed June 17, 2002, amended pleadings were to be filed no later than August 17, 2002.

2. Discovery in this case closed on December 31, 2003.

3. On January 22, 2007, as directed by this Court, the parties submitted their Joint Trial Memorandum.

4. On or about January 25, 2007, over three years after the close of discovery and after the parties had filed their Joint Trial Memorandum, Lane filed his Motion for Leave to File Amended Complaint (the "Motion").

5. In his Motion, Lane requests leave to file an amended complaint to make five (5) changes.

6. Essentially, the parties have agreed on the five changes explicitly stated in the Plaintiff's Motion.[1]

7. However, Lane made another change to his proposed Amended Complaint, which change he did not highlight in his Motion: he added a paragraph in his prayer for relief, asking for punitive damages.

8. At this late date, Jefferson Pilot objects to Lane's surreptitious addition of this claim for punitive damages relief, because it is untimely and because it is not supported by the evidence.

**ARGUMENT**

---

[1] In his Motion, Lane sought to amend his complaint to add allegations that Jefferson Pilot breached its duty and breached the implied covenant of good faith and fair dealing by "failing to honor section 2.5 of the Policy." (Proposed Amended Complaint ¶52). Plaintiff has agreed and consented to remove the reference to Section 2.5 of the Policy from paragraph 52 of the proposed amended complaint.

– 2 –

9.      In waiting to file his Motion until after the close of discovery and after the parties had filed their Joint Trial Memorandum, Lane's undue delay prejudices Jefferson Pilot. Lane cannot show good cause for this Court to grant leave to amend the complaint and, therefore, the Motion should be denied. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (when party seeks to amend pleading after deadline in scheduling order, good cause standard of Rule 16 applies rather than liberal policy of permitting amendment under Rule 15). In addition, the amendment requested by Lane would be futile, and, therefore, should not be permitted. Id. at 339 *citing* S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979).

10.     In his original Complaint, filed June 17, 2002, Lane's prayer for relief sought "punitive damages under C.G.S. §42-110g(a)." Lane sought punitive damages *only* under the Connecticut Unfair Trade Practices Act ("CUTPA"). There was no claim for punitive damages under the common law for breach of the implied covenant of good faith and fair dealing.

11.     Moreover, the original Complaint contained **no allegations of fact** that would support a claim for punitive damages under the implied covenant. As a result, the parties conducted **no discovery** on the issue.

12.     In this Court's August 30, 2006 Memorandum of Decision, it entered judgment dismissing Lane's claims under CUTPA. Accordingly, Lane no longer had any claim for an award of punitive damages.

13.     At this late date, over 4 ½ years after the deadline for amending pleadings has expired and 3 years after discovery has concluded, Lane cannot show good cause to seek punitive damages arising out of its claim for breach of the implied covenant of good faith and fair dealing.  Lane's Complaint and proposed amended complaint contain only two claims for relief – the first for breach of contract and the second for breach of the implied covenant of good faith and fair dealing.  "In Connecticut, punitive damages are rarely allowed for breach of contract." Barry v. Posi-Seal International, Inc., 40 Conn. App. 577, 584 (1996).  In fact, in L.F. Pace & Sons, Inc. v. The Travelers Indemnity Company, the single reported case in which an award of punitive damages was upheld for a claim alleging breach of the implied covenant of good faith and fair dealing, the court stated "there must be an underlying tort or tortious conduct alleged and proved to allow punitive damages to be granted on a claim for breach of contract, express or implied.  Elements of tort such as wanton or malicious injury or reckless indifference to the interests of others giving a tortious overtone to a breach of contract action justify an award of punitive or exemplary damages." L.F. Pace & Sons, Inc. v. The Travelers Indemnity Company, 9 Conn. App. 30, 48 (1986).  The Connecticut Supreme Court has held "[t]o furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or willful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, 195 Conn. 76, 77 (1985).  In

his second claim for relief, Lane alleges only that Jefferson Pilot (i) fail[ed] "to conduct a timely and reasonable investigation of [Plaintiff's] claim" and (i) "fail[ed] and refus[ed] to pay the Plaintiff the insurance disability benefits due him under the Policy." There is no allegation of wanton or malicious injury or reckless indifference in Lane's complaint. His claims are claims for simple breach of contract and breach of the implied covenant of good faith and fair dealing, and, accordingly, there can be no claim for punitive damages.

14.     Prior to receipt of Lane's Motion, Jefferson Pilot was unaware of any claim for punitive damages arising out of Lane's claim for breach of the implied covenant of good faith and fair dealing. Accordingly, no discovery was conducted relating to any issue of bad faith or punitive damages. Furthermore, because Lane never claimed he was entitled to punitive damages for breach of the implied covenant of good faith and fair dealing, Jefferson Pilot did not address that claim in a motion to strike or in its motion for summary judgment. If Lane had timely raised his claim for punitive damages under the breach of the implied covenant claim, Jefferson Pilot would have argued on summary judgment that such damages were inappropriate. Lane's inexcusable delay in raising this issue prejudices Jefferson Pilot and, as a result, he should not be granted leave to amend his complaint at this late date.

WHEREFORE, for the foregoing reasons, Plaintiff's Motion should be denied, except to permit Plaintiff leave to amend his complaint as follows:  (1) to allege in paragraph 32 of the

− 5 −

W:\Public\EGreenspan\Jefferson Pilot Financial\Lane, John D\Pleadings\Obj to Motion for Leave to Amend Complaint.doc
2/15/07 5:06 PM

proposed amended complaint that Plaintiff became disabled within the meaning of the Policy "commencing prior to May of 2001;" (2) to change the amount of the monthly benefit that Plaintiff alleges he is entitled to recover from $19,662.00 to 21,038.34; (3) to add the allegations in paragraphs 45 and 48 of the proposed amended complaint; (4) to eliminate the CUTPA and CUTPA/CUIPA claims in the complaint in light of the Court's ruling on Defendant's Motion for Partial Summary Judgment and; (5) to change the prayer for relief to allow a claim for monthly benefits through completion of the trial of this case.

                                      THE DEFENDANT, JEFFERSON PILOT
                                      FINANCIAL INSURANCE COMPANY

                              By: /s/
                                  E.J. Robbin Greenspan
                                  Federal Bar No. ct14788
                                  Rogin, Nassau, Caplan, Lassman &
                                      Hirtle, LLC
                                  CityPlace I, 22nd Floor
                                  185 Asylum Street
                                  Hartford, CT 06103-3460
                                  Telephone No.: 860-278-7480
                                  Fax No.: 860-278-2179
                                  E-mail: egreenspan@roginlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
******************************************  :
                                             :
JOHN D. LANE                                 :
                                             :
     v.                                      :    Case No. 302CV1038 (AWT)
                                             :
JEFFERSON PILOT FINANCIAL                    :
INSURANCE COMPANY                            :    February 15, 2007
                                             :
******************************************
```

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 15, 2007, a copy of the foregoing Defendant's Objection to Plaintiff's Motion for Leave to Amend Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    Mark R. Jacobs, Esq.
    Robert M. Fleischer, Esq.
    Jacobs Partners LLC
    Merritt View
    383 Main Avenue
    Norwalk, CT  06851
    *Phone 203-846-6622 / Fax 203-846-6621*
    email mark.jacobs@jacobs-partners.com

        Defendant, Jefferson Pilot Financial
        Insurance Company


By: _____/s/_____
        E.J. Robbin Greenspan [ct14788]
        Rogin, Nassau, Caplan, Lassman
         & Hirtle, LLC
        CityPlace I, 22nd Floor, 185 Asylum Street
        Hartford, CT  06103-3460
        *Phone 860-278-7480 / Fax 860-278-2179*
        egreenspan@roginlaw.com

– 8 –

W:\Public\EGreenspan\Jefferson Pilot Financial\Lane, John D\Pleadings\Obj to Motion for Leave to Amend Complaint.doc
2/15/07 5:06 PM