UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* :
:
JOHN D. LANE                               :
:
    v.                                        :    Case No. 302CV1038 (AWT)
:
JEFFERSON PILOT FINANCIAL       :
INSURANCE COMPANY                :    February 22, 2007
:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION IN LIMINE**

    The Defendant, Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), hereby replies to the February 12, 2007 Memorandum in Opposition to Defendant's Motion in Limine ("Opposition"), filed by the Plaintiff, John D. Lane ("Lane").

**Summary of Argument**

    Lane has never alleged bad faith in this litigation. Now, however, after the action has been pending for almost five years and after discovery closed over three years ago, Lane wants to argue that Jefferson Pilot's affirmative defenses constitute bad faith. Lane's attempt to argue bad faith – and to recover bad faith damages – is both improper and without basis.

    This case turns on whether Lane qualifies for disability payments for being totally disabled. The Policy defines total disability very clearly: "Total Disability means that …

due to Injuries or Sickness … you are not able to perform the substantial and material duties of your occupation ….." Underwriting that occurred before the policy issued has no effect on the definition of disability or on the issue of whether Lane meets the definition of total disability.

In his Opposition, Lane argues that extrinsic evidence concerning the application and the underwriting process "will be probative" on the issue of whether Lane meets the definition of totally disabled. Opposition, p. 6, fn 2. This is a total smoke screen. Underwriting, performed before the policy issued, has no effect on the clear definition set forth in the policy, and it does not bear on whether Lane was disabled several years after the policy issued. Lane is attempting to create a bad faith argument, without ever having pleaded bad faith.

Lane argues that the policy "is in effect today" and that, because Jefferson Pilot raised legitimate affirmative defenses, it did so in bad faith. Both of these contentions are wrong. First, Lane's policy lapsed on October 28, 2004, due to Lane's failure to pay required premiums. Second, Lane failed to disclose a prior history of depression during the application process. Jefferson Pilot raised affirmative defenses to void the Policy, because Lane's failure to disclose the prior depression would have impacted the underwriting of the Policy and it may have precluded the issuance of the Policy. Facts learned in discovery provided a legitimate basis to ask the Court to invalidate the Policy. Lane disputes that he

purposely misled Jefferson Pilot, saying that someone told him not to disclose the prior depression.  The Court did not reach the merits of Lane's failure to disclose, but ruled that Jefferson Pilot could not maintain the affirmative defenses because of the Policy's incontestable clause.

The Court ruled that the Policy's incontestable clause prevents Jefferson Pilot from raising these affirmative defenses.  As a result, two issues are <u>no</u> <u>longer</u> <u>relevant</u>:  Lane's fraud and the underwriting of the Policy.  The Court's decisions on summary judgment simplified this case and clarified the issues for trial.  The only remaining issue is whether, under the terms of the Policy, Lane was disabled at the time he filed his claim.  Lane is now trying to cloud the issues to bring in a bad faith claim he never pled.  Such a claim is untimely and inappropriate and should not be allowed.

### **Argument**

**I.      Evidence Relating to the Underwriting Process Is Unnecessary.**

Lane claims that evidence relating to the underwriting process should be admissible because it "will demonstrate that the Defendant well understood, at the time it underwrote and issued the Policy, the manner in which the Plaintiff earned compensation, and the various functions he needed to perform in order to earn such compensation."  Memorandum of Opposition, ¶13.  Whether Jefferson Pilot understood the manner in which Lane earned compensation and the functions he needed to perform in order to earn such compensation is

-3-

irrelevant to this case. The job duties included on Lane's application in 1994 are irrelevant to this case. The only issue in this case is whether Lane was disabled under the terms of the Policy at the time of his claim in 2001, based on his job duties at the time of his claim.

**II.  Evidence Relating to Defendant's Affirmative Defenses Should Not be Admitted.**

In Lane's Memorandum in Opposition, he claims that this Court should follow the reasoning in a California case, White v. Western Title Insurance Co., 40 Cal.3d 870, 710 P.2d 309 (1985). Not only has the reasoning of the White case been questioned by the Court of Appeal of California, *see*, *e.g.*, Nies v. National Automobile and Casualty Ins. Co., 199 Cal. App. 3d 1192 (1988); California Physicians' Service v. The Superior Court of San Diego County, 9 Cal. App. 4th 1321 (1992), but the White case simply does not apply to the case at bar.

In Nies v. National Automobile and Casualty Ins. Co., 199 Cal. App. 3d 1192 (1988), on facts similar to the instant case, the plaintiff, at the trial court level, was allowed to introduce the defendant insurer's responsive pleading as evidence of bad faith. The Appellate Court reversed, stating that they "share that concern" that "insurers will be disabled from conducting a vigorous defense in a bad faith insurance action if their pleadings may be used to prove preexisting bad faith." Id. at 1201. The Court went on to state that the defendant insurance company "had an absolute right to defend against the plaintiff's claim."

Id. The case at bar is even more compelling than the Nies case, since Lane has not brought a bad faith claim.

There is no allegation of bad faith in Lane's complaint. The only claims alleged by Lane are for breach of contract and breach of the implied duty of good faith and fair dealing. Moreover, in the breach of the implied duty count, Lane only alleges that Jefferson Pilot failed to conduct a reasonable and timely investigation of Lane's disability claim and failed to pay the claim. In his Memorandum in Opposition, Lane attempts to argue that Jefferson Pilot's affirmative defenses are evidence of its bad faith conduct, but the complaint has never included an allegation of bad faith.[1] There is no claim in the case that Jefferson Pilot acted in bad faith by asserting affirmative defenses, and, in any event, those affirmative defenses are no longer in the case. Lane should be precluded from introducing evidence or making any argument to the jury that Jefferson Pilot acted in bad faith in denying Lane's claim for disability benefits because the Plaintiff had a preexisting condition which he failed to disclose in the course of completing his application for the Policy.

**III.    Lane's Policy Is Not Currently In Effect.**

Finally, the Court should be aware of an erroneous statement of fact in Lane's Memorandum of Opposition. In Paragraph 16 of Lane's Memorandum, he states "In this

---

[1] In the White case, the defendant was on notice that its post-litigation acts were the subject of the plaintiff's claim. In the case at bar, Jefferson Pilot was on no such notice. Jefferson Pilot first discovered Lane planned to argue that its affirmative defenses constituted bad faith at the mediation session on December 22, 2006.

-5-

case, the Policy continued in full force and effect even after the Plaintiff commenced this litigation in 2002 and is in effect today." This allegation is incorrect. The Policy is not in effect today. Lane failed to pay his premium due October 28, 2004, and, as a result, his Policy lapsed. Notice of the lapse was sent to Lane on December 13, 2004.

### Conclusion

For the foregoing reasons and for the reasons set forth in Jefferson Pilot's Motion in Limine previously filed, Lane should be precluded from introducing any evidence or making any argument to the jury (1) relating to the application or underwriting processes for Lane's disability policy with Jefferson Pilot (the "Policy") or (2) that Jefferson Pilot acted in bad faith in denying Lane's claim for disability benefits because the Plaintiff had a preexisting condition which he failed to disclose in the course of completing his application for the Policy.

> Defendant, Jefferson Pilot Financial
> Insurance Company
>
> By: _____/s/_____
> E.J. Robbin Greenspan [ct14788]
> Rogin, Nassau, Caplan, Lassman
>   & Hirtle, LLC
> CityPlace I, 22nd Floor
> 185 Asylum Street
> Hartford, CT  06103-3460
> *Phone 860-278-7480*
> *Fax 860-278-2179*
> egreenspan@roginlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* :
                                              :
**JOHN D. LANE**                              :
                                              :
     v.                                       :     Case No. 302CV1038 (AWT)
                                              :
**JEFFERSON PILOT FINANCIAL**                 :
**INSURANCE COMPANY**                         :     February 22, 2007
                                              :
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 22, 2007, a copy of foregoing Reply to Memorandum In Opposition to Motion in Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

     Mark R. Jacobs, Esq.
     Robert M. Fleischer, Esq.
     Jacobs Partners LLC
     Merritt View
     383 Main Avenue
     Norwalk, CT  06851
     *Phone 203-846-6622 / Fax 203-846-6621*
     email mark.jacobs@jacobs-partners.com

                    Defendant, Jefferson Pilot Financial
                    Insurance Company

By: _____/s/_____
                    E.J. Robbin Greenspan [ct14788]
                    Rogin, Nassau, Caplan, Lassman
                       & Hirtle, LLC
                    CityPlace I, 22nd Floor
                    185 Asylum Street
                    Hartford, CT  06103-3460
                    *Phone 860-278-7480*
                    *Fax 860-278-2179*
                    egreenspan@roginlaw.com