**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-----------------------------------------------------------------X
                                                    :
**JOHN D. LANE,**                                   :
                                                    :
              **Plaintiff,**                        :    **Case No.  3:02CV1038 (AWT)**
                                                    :
        **-against-**                               :
                                                    :
**JEFFERSON PILOT FINANCIAL**                       :
**INSURANCE COMPANY,**                              :
                                                    :
              **Defendant.**                        :    **March 1, 2007**
-----------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM**
**RE: MOTION FOR LEAVE TO AMEND COMPLAINT**

The plaintiff, John D. Lane (the "Plaintiff"), by his undersigned attorneys, hereby submits

this reply memorandum in further support of the Plaintiff's Motion for Leave to File Amended

Complaint  (*Doc. No.* 99) (the "Motion") and in response to the objection to the Motion (*Doc. No.*

102) filed on February 15, 2007 by the defendant Jefferson Pilot Financial Insurance Company (the

"Defendant").  In support of this reply, the Plaintiff represents as follows:

1.      The Defendant objects to only one of the various amendments to the complaint (the

"Complaint") proposed in the Motion: the addition of a claim for punitive damages in the prayer

for relief. The Defendant argues that the amendment was unduly delayed, and that it is futile and

prejudicial to the Defendant.  The Plaintiff disagrees.

2.      Delay in moving to amend a complaint, absent bad faith or prejudice, is not a

sufficient basis for denying leave to amend. See Parker v. Columbia Picture Industries., 204 F.3d

326, 339 (2d Cir. 2000); Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993).  The

Defendant does not allege that the Plaintiff's delay in bringing the Motion was the result of bad

2

faith.  Rather, the Defendant argues that it will be prejudiced if the proposed amendment is allowed.

### 1.  *The Defendant Will Suffer No Prejudice By The Proposed Amendment*

3.    The Defendant argues that the proposed amendment to add a punitive damage claim in the prayer for relief is prejudicial for two reasons. First, the Defendant argues that it was deprived of the opportunity to conduct discovery on matters related to punitive damages. Second, it argues that it was deprived of the opportunity to seek summary judgment as to the Plaintiff's punitive damages claim. Such prejudice is illusory.

4.    Regarding discovery, there is nothing in the Plaintiff's claim for punitive damages that would call for discovery of matters beyond those germane to the Plaintiff's existing claim for breach of the implied covenant of good faith and fair dealing set forth in Count Two of the Complaint (both as originally pled, and as amended).  A claim for breach of the implied covenant of good faith and fair dealing is, virtually by definition, a claim of bad faith.  See Hudson United Bank v. Cinnamon Ridge Corp., 81 Conn.App. 557, 576 (2004).  The Connecticut Supreme Court has defined the term "bad faith":

> "Bad faith in general implies both "actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.   Bad faith means more than mere negligence, it involves a dishonest purpose."

Habetz v. Condon, 224 Conn. 231, 237 (1992) (internal citations omitted). See also Hudson United Bank, 81 Conn.App. at  576-77 (citing Cadle Co. v. Ginsberg, 70 Conn.App. 748, 768 (2002).  Thus, insofar as the original Complaint provided the Defendant with fair notice that the Plaintiff alleges that the Defendant's refusal to fulfill its contractual obligations to the Plaintiff involved ill motive or dishonesty, the Defendant cannot now claim that the addition of a punitive damages claim in the prayer for relief would necessitate discovery into a set of operative facts

separate or distinct from the facts that were subject to discovery early on in this case.

5.      Furthermore, the Defendant does not provide the Court with any specific examples of discovery that it would have sought, over and above its discovery related to the claims set forth in the Complaint as originally pled, had a prayer for  punitive damages been included in the original Complaint.

6.      Moreover, all of the factual matters germane to punitive damages concern the Defendant's own actions and misdeeds. The Defendant is presumably fully informed already of all of the facts surrounding its own conduct, and would not, therefore, require discovery from the Plaintiff or any third parties in order to prepare its defense.

7.      Regarding summary judgment, the Defendant fails to explain how it was prejudiced by not being in a position to address punitive damages on summary judgment. The fact that the punitive damages issue was not previously addressed on summary judgment does not mean the Defendant is deprived of the opportunity to argue to the Court at any subsequent stage of the proceeding that the Plaintiff is not entitled to punitive damages as a matter of law. In fact, the Defendant has that opportunity by arguing futility in the context of this very Motion.

8.      In no way has the passage of time in this case compromised the Defendant's ability to defend against the Plaintiff's claim for punitive damages for breach of the implied covenant of good faith and fair dealing.  The Defendant has suffered no prejudice that would warrant denial of the amendment based upon delay.

## *2.  The Proposed Amendment Is Not Futile*

9.      When an insurer unreasonably and in bad faith withholds payment of a claim of its insured, it is subject to liability in tort. L.F. Pace & Sons, Inc. v. Travelers Indemnity Co., 9 Conn.App. 30, 46 (1986). Furthermore, in the context of breach of contract claims founded upon

tortious conduct, a plaintiff may recover punitive damages only for outrageous conduct, that is, for acts done with bad motive or reckless indifference to the interests of others. Id. at 47-48 (quoting Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 128 (1966)).

10. The Defendant argues that the Plaintiff cannot recover punitive damages because the Complaint fails to allege wanton or malicious injury or reckless indifference. However, as explained above, a claim for breach of the implied covenant of good faith and fair dealing is, by its very nature, an allegation of tortious conduct "not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive," or "dishonest purpose, " which certainly equates with "wanton or malicious injury or reckless indifference."  Plaintiff submits that given the express allegations contained in paragraph 52 of the Second Count of the Amended Complaint regarding the Defendant's failure to conduct a timely and reasonable investigation and its failure to pay benefits to the Plaintiff, the Complaint sufficiently alleges tortious conduct that could warrant imposition of punitive damages. Whether or not the totality of the circumstances will warrant punitive damages will be a matter for the jury to determine upon consideration of the evidence adduced at trial.

11. In the event that the Court determines that the Plaintiff may not seek punitive damages in connection with the Second Count only because the Complaint  does include express allegations of "wanton or malicious injury or reckless indifference," the Plaintiff respectfully requests that the Court permit the Plaintiff to include such allegations in the amended Complaint. For the reasons previously explained, the inclusion of such allegations at this time would not be prejudicial to the Defendant as it does not involve a change or expansion of  the operative facts of this case relating to the Second Count and further discovery would not be necessary.

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant the

Defendant's Motion in its entirety.

Dated: March 1, 2007
       at Norwalk, Connecticut

                              The Plaintiff,
                              JOHN D. LANE
                              By his attorneys,
                              JACOBS PARTNERS LLC


                    By:   /s/ *Robert M. Fleischer*
                          Robert M. Fleischer (CT11960)
                          Mark R. Jacobs (CT12255)
                          Merritt View
                          383 Main Avenue
                          Norwalk, CT 06851
                          Tel: (203) 846-6622

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 1, 2007, Plaintiff's Reply

Memorandum  Re: Motion for Leave to Amend Complaint was filed electronically and

served by mail on anyone unable to accept electronic filing.  Notice of this filing will be

sent by e-mail to all parties by operation of the court's electronic filing system or by mail

to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the court's CM/ECF System.


      */s/ Robert M. Fleischer*
Robert M. Fleischer (CT 11960)
Jacobs Partners LLC
Merritt View
383 Main Ave.
Norwalk, CT 06851
Phone: (203) 846-6622
Fax: (203) 846-6621
Email: robert.fleische@jacobs-partners.com